PHILLIP W. MATTHEWS, ADMINISTRATOR OF JOHN S. MATTHEWS, DECEASED, AND JACOB W. CANNON.

*vs.*

SILAS DODD AND TEMPERANCE, HIS WIFE, AND PETER R. GORDY.

*Sussex, Sept. Term, 1867.*

Where the defense to an action at law is a legal defense, it is no ground of equitable interference that the defendant at law desires to examine the plantiffs, and that he fears to call the only witness who can prove the defense, lest he may deny it, and cannot be impeached by the party calling him. The parties may be examined at law under the statute, and a court of equity cannot aid the complainant in the impeachment of the witness.

BILL FOR AN INJUNCTION TO RESTRAIN PROCEEDINGS AT LAW.—The bill alleged that, on the 19th of September, 1837, in the Orphans' Court, at Georgetown, on the petition of Stephen H. Gordy, an order was made by the Orphans' Court, for the partition of the lands of Aaron Gordy Sr., deceased, and for the assignment of dower therein to Sally Gordy, his widow. Aaron Gordy Sr. left a widow and nine children as heirs at law, Stephen H., Burton H., Aaron W., John, Peter B., (a defendant,) Jackson, Cyrus, Eleanor, (wife of Daniel Dexter,) who died, leaving, as heirs at law, two sons, and Temperance, wife of Silas Dodd, the other defendant. Pursuant to the order there was assigned to the widow, for life as dower, a tract marked "A," containing 101¼ acres. On November 17th, 1848, the widow, Sally Gordy, married one Downs, after whose death, said Sally Downs, (late Gordy,) and Stephen Burton, John, and Peter, and their wives, made a deed to Aaron N. Gordy, conveying their interests in said tract. Afterwards, on November 3rd, 1849, Jackson Gordy con-

veyed his right to Aaron N. Gordy, and sometime during the year 1850, Aaron N. and wife conveyed to Peter B. Gordy, and on November 17th, 1853, Cyrus J. and wife conveyed his share to Peter. On August 26th, 1854, Peter and wife conveyed to John S. Matthews.

Sally Downs, late Gordy, died, and, on petition of John S. Matthews for partition of said lands, the commissioners having reported that the lands would not divide, the tract was assigned to John S. Matthews, and he entered into recognizance on March 15th, 1855, for $393.21, payable in one year, with Jacob W. Cannon as surety, under which he was liable for only two shares,—those of Silas Dodd, and Temperance, his wife, and of the two children of Eleanor Dexter.

When Peter conveyed his share, in addition to a covenant of warranty, he gave to John S. Matthews his judgment bond, dated 20th of July, 1854, as an indemnity against all claims and demands of said Daniel Dexter, and Eleanor, and Silas Gordy, and Temperance, and their heirs. Judgment was entered on the bond, August 4th, 1857, execution and goods sold, and proceeds to the amount of seven dollars applied. The purchase money mentioned in the deed of Peter B. Gordy was paid to him, and he represented that he had paid Dodd and wife, and Greensbury G. Dexter, child of Eleanor, their full shares of the purchase money, and complainants have heard, and believe, that at the death of John S. Matthews, nothing was due to Dodd and wife, and Greensbury G. Dexter. John S. Matthews died, November 16th, 1865, and Phillip W. Matthews became his administrator. Peter B. Gordy is wholly insolvent. Up to John S. Matthews' death, no demand had been made on him by Dodd and wife, or Greensbury G. Dexter, or any one for them. That since John S. Matthews' death, Peter B. Gordy had denied saying that they had never received their shares. Silas Dodd has sued out recognizance against complainants, as administrator and surety of Phillip S. Matthews, for share of

Temperance, his wife, which suits are pending for trial. As Gordy denies his former declarations, complainants could not be allowed to call him as a witness, and then contradict him in the suits at law, nor can they examine Silas Dodd and Temperance as witnesses.

The bill prays a discovery from defendants as to the facts charged, and for an injunction to restrain Dodd and wife from prosecuting their actions of *scire facias*, at law.

The several answers of Dodd and wife, and of Gordy, admit the records and proceedings set forth in the bill, and, also, the execution of a bond by Gordy, the condition of which is fully set forth in both answers, and is as an indemnity against liens generally, making no reference to Dodd and wife, or their interests in the land.   The answers deny that the bond has any relation to, or connection with, the interest of Dodd and wife.   They also deny the alleged declarations of Gordy, and Dodd and wife deny that their share and interest in the recognizance was ever paid or satisfied in any way.   Both answers deny the equity of the bill, and the jurisdiction of the Court, upon the ground that there is an adequate remedy at law and also that there is a misjoinder in making Gordy a party.

On the 5th of October, 1866, *Layton*, for the complainants, having filed the bill, moved for an injunction.

THE CHANCELLOR :—

I feel much doubt whether it is a case for equitable relief, the defense to the *scire facias* being of a legal nature, it being before judgment, so that the defendants have opportunity to make it, with power to examine the plaintiffs in the *scire facias*, and Gordy at the trial, with as much effect, so far as I can see, as by answer in equity. But not being willing to decide such a question without examination, for which there is not sufficient time before

a trial would be reached, I have concluded to order the injunction so that the question may be deliberately considered.

The answers having been filed at the September term, 1867, defendants moved to dissolve the injunction and dismiss the bill.

*Wright*, for the defendants.

1. We rely on the want of equity in the bill. The only ground alleged is, that complainants can prove payment of the recognizance only by Peter B. Gordy, that they are apprehensive that he would deny payment, and being complainants' own witness, could not be impeached by proving contradictory statements. This is not a sufficient ground. The complainants have nothing to gain in equity, but a discovery by Dodd and wife, and they can as well have this relief at law, by examining the plaintiffs in the suit at law.

Again, the statement of the bill of the two material facts, the bond of indemnity and the payment, is only upon information and belief; it is vague and uncertain, and, therefore, not sufficient to support an injunction. An averment of a fact must, in form, be positive. 1 *Dan. Ch. Pr.* 411. Besides, there is no privity of contract between the complainants and Dodd and wife, the parties at law. The bond was between Matthews and Gordy, Dodd and wife having no connection with it. The bond affords no defense to an action by them upon the recognizance against Matthews.

2. The answer fully denies the facts relied upon to constitute the equity of the bill, and on this ground the injunction should be dissolved. 1 *Eden on Inj.* 145, 1.

And the allegations of the answers, as to the object of the bond respecting these two shares, are supported

by the bill.   Gordy did not convey the two-ninths ; Matthews (as charged) proceeded on the bond before any demand was made for these two shares, or process issued to recover them, and this lien was created not by Gordy, but by Matthews.   Why then should the former indemnify against it ?   Besides, the bond was given the year before the recognizance was entered into.

*Layton*, for the complainants, opposed the motion and insisted that the charges of fraud in the bill constituted a sufficient ground of relief.

THE CHANCELLOR :—

The motion to dissolve the injunction is urged upon two grounds.   The first, which sustains the motion, is that there is no equity in the bill to support the injunction. There are two grounds upon which this Court interferes with suits at law.   (1.) When the defense is an equitable one, as, for example, where a contract under seal is discharged by a release not sealed, or when, in an ejectment, an equitable title is set up against the legal holder. (2.) When the defence is legal, but equity can aid in making it effectual.   In these cases the injunction is only temporary, as where an account is sought, or a discovery was required, before the Statute authorizing the examination of parties at law.

In the present case the suit at law is upon a recognizance given by John S. Matthews in the Orphans' Court on his acceptance of land of Aaron Gordy, senior, which had been assigned to his widow as her dower.   The first question to be considered is, whether the defense is legal, or, equitable.   The defense alleged by the bill is payment by Peter B. Gordy, the vendor of Matthews, and Gordy's warranty in writing.   The warranty is not to be considered. It is no defense, legal or equitable, where, as originally

alleged in the bill, there was no privity with Dodd and wife, and it does not affect the question of payment. With respect to the defense of payment, it is strictly available at law.

But in the second place, it is alleged that the complainants cannot, at law, make their defense good. Even if this be true, equity cannot help them. All that they can do here they can do there. They can examine the adverse parties. They can also examine Gordy as a witness, in the suit at law, more effectually than here as a party. If they cannot impeach him, this Court cannot help them to do it, nor would it avail to do it here. It does not move a step in the direction of proving payment, to impeach the only witness who knows the fact about it.

As to the allegation of fraud, the complainant can shew that in the suits at law as well as here and, indeed, better. The result then is that complainants allege payment and cannot prove it, and this Court cannot advance him a step towards the proof of it. Ought the Court then to interfere?

So the case stood at the filing of the bill, but now it is far worse, since, after exhausting all that equity can do, all that could not be done at law, the case not only fails to establish the desired proof, but the contrary appears.

The injunction, therefore, must be dissolved.