MARY A. CLARK,

*vs.*

CHARLES D. SIPPLE AND MERRELDA J. SCOTT, Administrators of John Sipple, deceased.

*Kent, July* 30, 1912.

The question of whether there is an adequate remedy at law, so as to deprive the Court of Chancery of jurisdiction, must be considered whenever and however raised, and even on the court's own initiative.

The statutory disqualification of a mortgagor to testify to the making of payments to a deceased mortgagee applies in equity as well as at law; the rules of evidence being the same in both courts.

The production of a document in the possession of an adverse party cannot be compelled by a subpoena *duces tecum*, any more in equity than at law.

Ordinarily an action at law is the proper remedy for the recovery of money paid through the mistake of a debtor or the fraud of a creditor.

In a suit to enjoin a *scire facias* action on a mortgage, the mortgagor alleged that, through his mistake and the fraud of the mortgagee, the mortgage had been overpaid, and asked an accounting and the discovery of books and papers of the mortgagee, which he claimed would show such payments. *Held* that, although some of the relief sought could be obtained at law as well as in equity, the fact that a separate action to recover the overpayments would be necessary at law, in connection with the allegations of fraud and mistake and the demand for an accounting and discovery, showed sufficient grounds for the intervention of equity to justify the granting of a preliminary injunction, leaving the question of jurisdiction, however, open for later determination.

*Herbert H. Ward* and *Thomas C. Frame, Jr.*, for the complainant.

*Henry Ridgely* and *William M. Hope*, for the defendants.

THE CHANCELLOR. The bill is brought by a mortgagor against the administrators of the mortgagee, alleging that during the life of the mortgagee the debt was not only paid in full, but, by mistake of the mortgagor and through fraud of the mortgagee, overpaid; that a *scire facias* action had been brought on the mortgage in the Superior Court claiming the whole amount of the mortgage to be due, with interest practically from the date of the mortgage; that under the rules of law regulating the trial and proof in such actions at law the payments cannot be shown; and that the books and papers of the mortgagee, in the possession of the administrators, contain material evidence of such payments. No receipts were given for the alleged payments, except a very early one. The prayers are (1) for discovery, (2) for an accounting and repayment of the amount overpaid, and (3) for an injunction against proceeding in the suit at law.

In substance the answer denies the payments, except of a very small sum on account of interest; that the complainant was not precluded from making any proof or introducing any evidence in the action at law which could be made or introduced if testimony be taken in the Court of Chancery; and that the books, etc., of the deceased contain no entry, note or memorandum of any kind of any payments on account of the bond or mortgage, and no evidence of any kind as to any payment

for or on account of the principal or interest of the debt. It is further alleged that the complainant is not entitled to any equitable relief, and the defendants ask the same benefit of this defense as if there had been a demurrer to the bill. But the answer, irregularly perhaps, but actually, questions the jurisdiction of the court on the general ground that there is a full, adequate and complete remedy at law, or as the statute expresses it, a "sufficient" remedy. As the court must always consider, whenever and however raised, and even on its own initiative, its right to adjudicate a cause, and does so preferably *in limine*, the question of jurisdiction has been considered without having been thoroughly argued. This question will be considered as though raised by demurrer or plea, admitting the facts well pleaded in the bill.

A rule for a preliminary injunction was issued and at the hearing thereof affidavits were submitted, and those of Mary Grantland and Robert J. Clark throw some light on the probability that some payments were in fact made by the mortgagor to the mortgagee, the amounts so paid not being stated. Independent of the question of jurisdiction, the affidavits of the complainant make such a showing as entitles her to the relief of a temporary injunction, notwithstanding the answer and the supporting affidavits made by the two defendants.

Preliminarily it should be observed that any statutory disqualification of the mortgagor to testify to the making of payments to the mortgagee in his lifetime applies alike to suits at law and in equity, and the other difficulties of the complainant as to making proof of the facts alleged exist in both courts alike, for in substance the rules of evidence are the same in these courts. If the memoranda kept by the mortgagor of the payments are not admissible in the pending suit at law, they would not be in this court. So, too, the mortgagor could obtain in the court of law the relief sought here. Proof of payment would constitute a defense in the action of *scire facias* and entitle her to a judgment against foreclosure. It is agreed that she could not in that suit obtain a judgment against the administrators of the mortgagee to recover the amount overpaid, and that an action of assumpsit by her against the admin-

istrators of the mortgagee would be proper and necessary for this purpose. Two suits are, therefore, necessary to give her at law all the relief she here seeks. It is clear that in each of said suits at law the mortgagor could obtain the same kind of process for obtaining and producing before the court evidence to sustain and prove the facts she here relies on, as she could in this court. *Rev. Code, c.* 107, §13, *as amended in* 1895, *p.* 799.

In the case of *Sparks v. Farmers' Bank,* 3 *Del. Ch.* 225, the complainant, after answer, obtained an order requiring the defendant to produce books, etc., for inspection of the complainant, and the form of the order is given in the report of the case. By Chancery Rule 24, a similar remedy is given to the defendant, without resorting to a cross-bill for discovery. A similar procedure prevails in the Superior Court under the Code provision. 1 *Woolley on Delaware Practice,* §580.

For the complainant it was urged that in Chancery the complainant could by subpoena *duces tecum* obtain production before an examiner, of the books, etc., of the mortgagee, with ampler opportunity to inspect them than if so produced at law. But in this there is a mistake. The production of a document in the possession of the adverse party cannot be compelled under a subpoena *duces tecum* in equity more than it can at law. *Campbell v. Johnston,* 3 *Del. Ch.* 94, 97.

The defendants say that the bill is not sustainable as a bill for an accounting, because there is no relationship established between the mortgagor and the administrators of the mortgagee, other than that of debtor and creditor, and there is no such complication in the dealings between the parties as would uphold such a suit. This is probably a correct view. Ordinarily an action at law would be the proper remedy for the recovery of money paid by mistake on the part of the debtor, or through fraud of the creditor, and in this case would be adequate for the complainant to recover the amount overpaid to the mortgagee.

Does this court have jurisdiction because two suits are necessary to give to the complainant the full relief to which she is entitled if the allegations of the bill are true? If the suit at law upon the mortgage had not been begun, this court

might rightly take jurisdiction on that ground. Such a bill would be in the nature of a bill of peace. Authority for this would be found in *Murphy v. Wilmington*, 6 *Houst.* 108, 140, 22 *Am. St. Rep.* 345, a case in the Court of Errors and Appeals. "Bills of peace," says another authority, "have been sustained by the court to settle the rights of parties in a single suit, in cases where the questions to be determined were questions of fact, or mixed questions of law and fact." So also if that suit had not been begun and the bill had been one for discovery, in aid of a proceeding to obtain the entry of satisfaction on the record of the mortgage, and in aid of an action of assumpsit to recover back the overpayment, or for any other cause the jurisdiction of this court had been properly invoked, then this court might have retained jurisdiction of the whole controversy. As the court said in the case last cited:

"A court of equity, on a bill being filed for a discovery, will sometimes proceed to take jurisdiction of all matters in controversy between the parties, instead of sending them to a court of law, and thus avoid circuity of action."

This would continue to be true, notwithstanding that by statute courts of law may grant in cases pending there discovery to either party, for this statute did not withdraw from the Court of Chancery the power to give discovery. In this case, however, this court is asked to interfere with a suit at law now pending, and stripped of all the insufficient reasons, the real reason for the bill is that the complainant, though possessed of a good defense to that suit, finds it necessary to bring another suit in order to have full relief against the defendants, the administrators of the mortgagee.

The cases of *Conner v. Penington*, 1 *Del. Ch.* 177, and *Matthews v. Dodd*, 3 *Del. Ch.* 159, do not help much in reaching a conclusion. It was there held that defenses to actions at law, available there, do not authorize a court of equity to enjoin the suit or transfer the litigation to it. All that the debtor could do in the Court of Chancery he could do in the suit in the court of law. In each of those cases the whole of the matters in controversy could have been settled in one suit.

In *Conner v. Penington*, the complainant was the defendant, in a *scire facias* action on a judgment against him and claimed that there had been payments on account of the judgment debt, and in *Matthews v. Dodd*, there was a *scire facias* action on a recognizance taken in the Orphans' Court, and the defendant alleged payment in full and his difficulties in proving the defense, and prayed for discovery and a permanent injunction against further maintenance of the suit. In neither of the cases, however, was more than one suit at law necessary, for in neither was there a claim of overpayment, or a prayer that the administrator of the creditor be required to repay the amount so overpaid. The jurisdiction to entertain the cause, otherwise triable by a court of law, in order to avoid multiplicity of suits is well settled. *Murphy v. Wilmington*, supra.

Then, the inquiry is this: When a debtor alleges that he has not only paid the debt, but by his own mistake, and through the fraud of the creditor, overpaid the debt, and that though his payments constitute a defense to the suit at law already brought against him for the debt, he must himself institute another suit at law to recover the amount overpaid, may he maintain a bill in equity to enjoin the further prosecution of the suit already brought and recover repayment of the amount so overpaid, to avoid multiplicity of two suits, each of which were cognizable at law, and both of which relate to the same transaction and relationship, the indebtedness secured by bond and mortgage?

There is authority for the affirmative of this question. *Biddle v. Ramsey*, 52 *Mo.* 153. There the plaintiff had a lease with the defendant by which at the end of the lease there would be a determination by appraisers to be appointed by the lessor and lessee as to the value of the improvements made by the lessee, and the lessor had a right to buy the improvements at the appraisement. It was alleged that the lessee fraudulently prevented the appraisement and kept possession after the expiration of the term for three years without paying rent. The court held that a court of equity had jurisdiction to avoid multiplicity of suits to be brought by the plaintiff, viz., ejectment for recovery of possession, and other actions to determine the cost of improvements.

Opinion.

"But in the method of procedure to which the plaintiff in the present instance has very properly resorted, one that on the facts as stated will call into activity the peculiarly flexible power of a court of equity, all matters of difference whether relating to the valuation of the buildings and improvements, the taking of an account for yearly rents, or the recovery of the possession of the premises in question, can be most fully and fairly adjusted, and by one trial and one decree ample and complete justice effectuated between these parties litigant."

This case is criticised in *Pomeroy on Equity Jurisprudence, vol.* 1, §252, *note* 2.

In the case of *Biddle v. Ramsey*, cited *supra*, there was no cause then pending at law, while there is here. The court of law has rightly taken jurisdiction of part, at least, of the controversy, viz., the *scire facias* action. Should it be ousted of a jurisdiction already taken because another suit is necessary to determine other matters between the same parties? I am inclined to think that the jurisdiction should be sustained: (1) Because the other matter, over-payment, relates to the same debt; (2) because, as alleged, the overpayment was made through fraud of the creditor as well as by mistake of the debtor; and (3) because the debtor should not, therefore, be put to the trouble and expense of bringing a suit in addition to defending another suit brought against him, in order to protect himself fully against a situation for which, in part at least, the creditor was responsible. Upon this point I now express no settled conviction.

In view of the combination of reasons for need for relief in this court, discovery, accounting, injunction against the suit pending and a recovery of the amounts overpaid, and the allegation of mistake and fraud, some one, and perhaps all, of which would otherwise be available at law, as well as in equity, and because upon a full argument of the question the avoidance of multiplicity of suits may be a proper basis for the suit here, a preliminary injunction will be awarded as prayed for. If the defendant desire, the question indicated may be argued on a motion to dissolve the injunction.

Let an order be entered accordingly.

Note.—See *infra* page 144 for the opinion on dissolving the injunction and dismissing the bill.