JOHN CONNER,

*vs.*

OTHO PENNINGTON AND TIMOTHY CUMMINS.

*New Castle, Oct.* 8, 1821.    (*In vacation.*)

The defendant in a *scire facias* at law on a judgment, which had been entered under a warrant of attorney for the confession of judgment upon a bond, claimed to be allowed certain credits against the bond, which were disputed.   By an entry on the docket of the *scire facias,* it was agreed between the parties that judgment should be confessed, with stay of execution for three months, the confession not to preclude any equitable relief the defendant might be entitled to in chancery. The present bill was filed by the defendant in the *scire facias* in order to obtain the benefit of the credits claimed by him against the judgment at law, the credits being for certain payments which he had made for the obligee in the bond in the course of settling the affairs of a former partnership between them.   *Held,* That the defence against the bond being one which could have been eff ctually made at law, a court of equity will not interfere.

Notwithstanding the judgment at law was entered under a warrant of attorney, relief could have been had at law against the judgment for payments and matters of discount.   For, as to payments made upon the bond *prior* to the entry of judgment, the court of law was competent, to that extent, to vacate the judgment, on motion ; while payments and matters of discount accruing *after* judgment entered might have been pleaded in the *scire facias.*

The Statute of 4 *Anne, Ch.* 16, *Sec.* 12, enabling a defendant in an action of debt or *scire facias* on a judgment to plead payment, in bar of such action, is in force in this State ; and such has been the practice.

In the present case, in addition to the complainant's right to discount or set off against the bond his alleged payments for the defendant, the complainant had his action for money paid, and in that view there was an adequate remedy without the aid of a court of equity.

BILL FOR AN INJUNCTION.—The case made by this bill was as follows :

The complainant and the defendant, Pennington, hav-
23

ing been partners in the business of retailing goods, at Staunton, prior to the year 1816, under the firm of Otho Pennington & Co., dissolved the partnership by mutual consent in April of that year, and undertook to make a final settlement of the partnership transactions. Owing to the condition of some outstanding debts, including both debts due from and debts due to the firm, they were unable then to make a complete settlement. So, they made an adjustment exclusive of the debts. As the result of this adjustment, the complainant purchased Pennington's share of the stock, for which he gave his judgment bond in the sum of $324.00, dated Dec. 25th, 1816. With respect to the outstanding debts it was agreed that the complainant should proceed to collect such as were due to the firm and to discharge its liabilities. He was to account to Pennington for one moiety of all the debts due to the firm which he should collect, subject to the usual commissions ; and for Pennington's share of all debts from the firm, which should be paid by the complainant, the latter was to be credited on his judgment bond before mentioned. The bond contained an express stipulation to the effect that if the complainant (the obligor) "should be compelled " to pay any portion of the debts due from the concern he " should be allowed a credit on his said bond for the proper " share of the said Pennington."

The judgment bond was afterwards assigned (though not in the form prescribed by the Statute in that behalf) to the other defendant, Timothy Cummins, for whose use a judgment was entered in the Court of Common Pleas for New Castle County, in May, 1817. A *scire facias* upon the judgment was issued to the Dec. Term, 1819, to which the complainant, Conner, being the defendant in the *scire facias*, appeared and pleaded, giving notice that he should claim to be credited, against the judgment, the amount of Pennington's share of certain debts of the partnership, which he, Conner, had paid. At the May Term of the Court of

Common Pleas, 1821, the *scire facias* being called for trial, it was agreed, by an entry made upon the docket, that the pleas should be withdrawn and judgment entered for the plaintiff, with stay of execution for three months ; and it was expressly stipulated, in the entry on the docket, that the confession of judgment should not preclude the defendant in the *scire facias* (Conner) from any equitable relief he might be entitled to in chancery, and that the costs at law should abide the event of the cause in chancery, if the defendant should file his bill in chancery before the expiration of the three months stay, giving security in the usual form, and should prosecute his suit in chancery with effect.

The credits claimed by the complainant against the judgment were, $172.25, for Pennington's share of certain debts of the partnership paid by the complainant, and $50.22, for sundry private debts of Pennington paid by the complainant at his request and for merchandise furnished to Pennington after the bond was given,—the whole of the credits amounting to $223.47. The bill alleged that Pennington's share of the debts due to the firm, and collected by the complainant was the sum of $99.45 ;—that the amount of the bond, with interest to May 15th, 1818, was $331.55 ; which together with Pennington's share of the debts collected ($99.45) made the gross sum of $431.00 ; that deducting therefrom the credits before stated ($223.47),and $10 claimed by the complainant for commissions, there would remain due upon the bond a balance of $197.53, which the complainant submitted himself as ready to pay.

The complainant insisted, that he was entitled to the credits claimed by him, notwithstanding the assignment of the bond to the defendant, Cummins, because, as he believed and alleged, the payments for which he claimed the credit had been made by him prior to the date of the assignment ; but at all events, he insisted that such pay-

ments had been made without notice of any assignment and upon the supposition that the bond was still held by Pennington; that subsequent to the making of the payments he had conversed with Pennington about the bond, and had received from him no intimation of his having made any disposal of it.

The bill further alleged, that the term of three months limited in the agreement entered upon the record of the *scire facias* for a stay of execution had been subsequently extended by consent of parties; that such limitation was intended to apply only to the issuing of execution upon the judgment, and not to limit or affect any remedy the complainant might have in equity; " it being always understood that the matters of defence should be heard somewhere, and that it would conduce to the mutual interest of both parties that the subject should be fully investigated in the Court of Chancery." The bill further alleged that on the 19th of September, 1821, a *fieri facias* had been issued upon the said judgment, which was pending at the filing of this bill, (October 8th, 1821.) The *prayer* was, that the defendants should be decreed to come to an account with the complainant with respect both to the monies paid and the monies collected by the complainant on account of the defendant, Pennington, and to allow as credits upon the said judgment all payments made by the complainant on account of said Pennington previous to his receiving notice of said assignment; and that the defendants should be compelled to accept, in satisfaction of the judgment and execution, whatsoever balance should be found due after crediting the complainant with such payments as aforesaid; and that upon the payment of such balance the judgment and execution should be decreed to be satisfied and a perpetual injunction awarded; and for general relief, &c.

The cause came before the Chancellor upon a motion for a preliminary injunction.

*McLane*, for the complainant.

THE CHANCELLOR refused to order the writ of injunction, and assigned the following reasons :

The ground upon which a writ of injunction issues is, that the party is making use of the jurisdiction of a court of law, contrary to equity and good conscience; and it is commonly suggested in the bill, that the complainant, for some reasons therein stated, is not able to make his defence in such court, though he has a good discharge in equity ; or that the court refuses some rightful advantage, or does injustice to him in the proceeding, or has not power to do him right. 1 *Atk.* 515, *Hill vs. Turner* : 1 *Mad. Ch. Pr.* 109 : *Wyatt's, Pr. Regr.* 232. In this case, it is not even pretended that the complainant could not make a defence at law, but only that when the *scire facias* was called up for trial, it was considered to be the mutual interest of both parties that the matters of defence in the said cause should be heard and investigated in this Court. What advantage either party could have by proceeding in equity, which he could not have at law according to the practice in this State, is not to be conceived. It appears by the bill, that the bond is dated December 25th, 1816, and that judgment was entered by warrant of attorney in the Court of Common Pleas for New Castle county, on the 15th of May, 1818. Between the date of the bond and the date of the judgment all the payments of money by Conner, claimed by him as credits upon the bond, and also the sale of the merchandise to Pennington, had been made ; and the defendant had no notice of the assignment of the bond to Timothy Cummins until the service of the writ of *scire facias* in the winter of 1819. The judgment was entered for the use of Timothy Cummins, and consequently the bond was not assigned according to the form of the Act of Assembly. There could then be no objection to pleading any discount on account of the assignment, because the complainant

had no notice of the assignment. So it was understood by the complainant's counsel, for he pleaded to the *scire facias* and gave notice of the discount.

But it may be said that this was a judgment entered by a warrant of attorney and that the defendant could, at law, plead nothing in bar which might be pleaded to an original action; that this being a judgment without writ, nothing could be pleaded in bar at law, and that the party could have a remedy in equity only. As to all payments and matters of discount which accrued *before* the 15th of May, 1815, the date of the judgment, the Court, according to *Cooke vs. Jones, Cowper* 727, would have interposed on a motion to vacate the judgment, and would have afforded a relief which the party could not otherwise have had. 2 *Str.* 1043 : *Cas. temp. Hard.* 233 : *Cro. El.* 588 : 1 *Sid.* 182. The only difficulty which this part of the case offers is whether the payments and discounts which accrued *after* the date of the judgment could be pleaded in bar to this *scire facias.* In *Hartzell vs. Reiss*, 1 *Binney*, 289, the Court doubted whether, in England, the party in such a case could have any relief in a court of law. He certainly might, it was said, in equity. But there is no good reason why the Court might not interpose in the one case as in the other. In *Cooke vs. Jones*, where the defence arose before the judgment, Lord Mansfield said, the party had no opportunity of pleading unless the Court interposed. If, then, the party could not plead, and the Court was compelled to interpose for the sake of justice, why should not the Court in this case afford the party relief by allowing him to plead according to the state of the transaction? By the *Stat.* 4 *Ann. c.* 16, *sec.* 12, it is enacted that " where " any action of debt shall be brought upon any single bill, " or where an action of debt or *scire facias* shall be brought " upon any judgment, if the defendant hath paid the money " due upon such bill or judgment, such payment shall and " may be pleaded in bar of such action or suit." By this Statute, which is the Act for the amendment of the law,

and the better government of justice, and is in force in this State, the defendant at law, might well plead payment of this judgment. Before this Statute payment was no plea to a debt upon record, because a payment being against matter of record cannot be a discharge unless by matter of record. *Cro. Car.* 328 : 5 *Com. Dig.* 782, *Pleader* ( 3 *L.* 12.) It is, I believe, the constant practice, in the courts of law in this State, to plead to a *scire facias* payment, or any other plea which goes to show that the debt is satisfied, or that the party should not have execution. However this may be, it is not pretended that the complainant could not make a defence at law ; and no ground is laid in the bill to show that this Court ought to interpose, as that the complainant is deprived of some rightful advantage at law, or that injustice will be done him, or that the court at law has not power to do him right.

There is, though, a stronger objection. This bill is not brought for the settlement of a partnership concern. Every thing seems to have been adjusted (debts due to and from the partners excepted) and Conner fell in debt to Pennington, including Pennington's share of the goods and stock in trade, in the sum of $324, for which he gave his judgment bond. Conner was to pay and collect the debts. Then, as to all money received, Conner was liable to Pennington for a moiety; and for debts paid, Pennington was liable to Conner in the same proportion. Conner also claims commissions. Conner alleges that he paid, at the request of Pennington, debts of Pennington to several persons, and sold him goods before the assignment of the bond, amounting in all to $50.22. These make a fair claim against Pennington, for which Conner, either by way of set off or in an action for money paid, &c., for the use of Pennington and for goods sold, may have a remedy at law. Conner collected debts, but paid away more than he collected, so that for a moiety of the excess of payments, Pennington would be liable to him. For this sum,

then, Conner can have no difficulty. He has the proof all in his own hand, and has no necessity of applying to chancery for relief. And so, as to the commissions, if he is entitled to any, all which could be settled in a court of law. Now there is not an allegation made of any fact as to which Conner is not in possession of the proof. The whole may be settled at law. If this Court were to sustain the present bill, all cases of payment, set off, release and discharge of all kinds, might with equal propriety be brought here for adjustment. This is not a bill for an account between partners; but merely to obtain a credit by way of set off for matters entirely within the knowledge of the complainant, the proof of which is also in his power. The party might, on the issue joined in the court of law, have had a complete remedy at law, and therefore the writ of injunction should not be awarded. See 1 *Mad. Ch. Pr.* 69, 70 : 6 *Vesey Jr.*, 136, *Dinwiddie vs. Bailey.*

The injunction is refused.