ISAAC G. LOFLAND *vs.* JOSEPH MCDANIEL, Administrator c. t. a. of JAMES L. HEVERIN, Deceased.

### *Judgment—Burden of Proof—Opening and Closing— Tender—Evidence.*

1. When a petition is presented for a rule to show cause why a judgment should not be opened, &c., and the Court has ordered that the issue be tried by a jury, "What amount if any is due and unpaid on the judgment," —in the trial of said issue the burden is on the petitioner to show that the amount of the judgment is not now due, and he is entitled to the opening and closing.

2. The petitioner at such trial is permitted to show, if he can, acts of the parties subsequent to the judgment, from which the jury may infer that goods instead of money were delivered to the creditor as part payment of the judgment, but not acts or dealings prior to the judgment.

3. The tender of goods is not a payment of a judgment, as you cannot make a man take goods instead of money, unless he is willing and agrees to accept the same as payment.

(*November 2, 1898.*)

LORE, C. J., and GRUBB, J., sitting.

*Robert H. Van Dyke* for petitioner.

*George M. Jones* for administrator.

Superior Court, Kent County, October Term, 1898.

PETITION to open judgment. The petition of Isaac G. Lofland set forth the following facts :

That James L. Heverin in his lifetime obtained a judgment in the Superior Court of Kent County against Annie E. Lofland and Isaac G. Lofland, the petitioner, jointly for the sum of $125 debt with interest thereon from the 13th day of June, 1887 ; that said judgment was entered by warrant of attorney in said Court on June 13th, 1887, as of No. 101 to the April Term thereof 1887 ; that during the lifetime of the said Heverin the petitioner paid a large portion of said judgment to said Heverin, leaving a balance now due of only $65, which last named sum had been tendered to Joseph McDaniel, Administrator c. t. a. of the said James L. Heverin, but said tender was refused by said adminis-

trator, he claiming the full amount of the judgment as originally entered.

The petitioner therefore prayed that a rule might issue against the said Joseph McDaniel, administrator c. t. a. of James L. Heverin, deceased, directing him to show cause why the above recited judgment should not be opened and the petitioner let into a trial to ascertain what amount, if any, was due on said judgment.

Rule made absolute, and on motion of Robert H. Van Dyke, attorney for petitioner, the Court ordered that the following issue be tried by a jury at the bar of the Court to wit, "What amount, if any, is due and unpaid on the said judgment."

When the case came on for trial, the respective counsel above named raised the question as to who had the opening in such a proceeding.

GRUBB, J :—As it now stands that judgment, *prima facie*, is a judgment for $125 with interest from June 13, 1887, and costs, as the record shows. The petitioner does not question the validity of the original judgment but claims it is paid either in whole or in part, and therefore the burden is upon the petitioner to show that the amount of that judgment is not now due. It does not matter who puts the judgment in evidence, but the petitioner has the opening and closing. He has stated in his petition the existence of the judgment, but denies the amount there named as being really due.

The counsel for the petitioner then produced a book account and oral evidence in order to show that ice had been delivered to Heverin, the deceased during his lifetime, extending over the period from June 14, 1887, to July 5, 1890, on account of said judgment, leaving an alleged balance due Heverin of $65, which amount had been tendered to the administrator by the petitioner and refused by the former. It was admitted that said amount had not been paid into Court.

Isaac G. Lofland, the petitioner, after testifying that Heverin died about April 1891, was asked by Mr. Van Dyke the following question :

"According to the books that have been testified to by Mrs. Short, there was no settlement made between you and Mr. Heverin for ice furnished him after giving this judgment of $125; will your books show whether there were settlements made of the running accounts between Lofland and Heverin, the deceased, prior to that time?"

(The above question was objected to by counsel for administrator as irrelevant).

*Mr. Van Dyke :*—I want to show that prior to the judgment it was customary for the deceased and Mr. Lofland to have regular settlements, but that after that judgment was given there were no settlements made, in order that the jury may draw from these facts, the inference that the goods delivered were to be applied towards the payment of that judgment.

*Brown vs. Feeter, 7 Wendall's Reports, 301.*

GRUBB, J :—We do not consider that you can go into their dealings prior to that judgment, as any indication of payment of that judgment. You may, if you can, show acts of the parties subsequent to the judgment, such as that the jury may infer, if they can do it, that goods instead of money, were delivered to Heverin as part payment of that judgment. Whether the acts you can show will or will not prove it, is for the jury to say.

At the conclusion of the testimony on behalf of the petitioner, counsel for the administrator asked the Court to instruct the jury to find a verdict for the latter, on the ground that there was no proof that the goods mentioned in the account were accepted by James L. Heverin in his lifetime as payment of that judgment.

GRUBB, J., charging the jury :

Gentlemen of the jury :—This is a proceeding by petition on the part of Isaac G. Lofland, the petitioner and plaintiff in this proceeding, against Joseph McDaniel, administrator, c. t. a., of James L. Heverin, deceased, in which he seeks to have a judgment, held by James L. Heverin in his lifetime against Annie E. Lofland and Isaac G. Lofland, opened ; on the ground, as the plaintiff Lofland claims, that he has paid a part of that judgment

by the sale and delivery of ice to Mr. Heverin during his life-time, and which Mr. Lofland intended should be in part payment of that judgment, and which he claims Mr. Heverin in his life-time agreed to receive in part payment and discharge of the judgment, to the extent of the amount of the said account.

The issue, or question which you have been empaneled to try and determine, and the only question, is, what amount, if any, is due and unpaid on the said judgment.

It is the duty of Mr. Lofland, the petitioner in this case, to satisfy you, first, that ice, as he claims of a certain value, was actually delivered by him to Mr. Heverin in his lifetime, with the intent on Mr. Lofland's part that it should be in part pay-ment and discharge of that judgment. But he would have to prove more than that to you, because the law requires him to go still further and prove that when he delivered the ice to Mr. Heverin, Mr. Heverin intended it was to be in part payment of that judgment held by Mr. Heverin against Mr. Lofland and that Mr. Heverin actually accepted it in part payment and discharge of his judgment. That is the law as it has been decided in this State. The tender of money would be payment; for that would be a tender which he would be bound to accept. But the tender of goods is not the payment of the judgment, as you cannot make a man take goods instead of money, unless he is willing and agrees to accept the same as payment.

That being the law, we are called upon now to say to you that we think there is no, pertinent evidence of Mr. Heverin's agreement to receive the ice which Mr. Lofland alleges was delivered to Mr. Heverin, in part payment of his judgment. As the case stands there is no evidence on this point which we think ought to go before you. Neither your time nor the time of the Court should be taken with this case further, and we consider it therefore our duty to say that to you, and that you should find a verdict against Annie E. Lofland and Isaac G. Lofland and in favor of Joseph McDaniel, the administrator of Mr. Heverin, for the full amount of this judgment, which is in evidence before

you ; that is, for $125 with interest from June 13, 1887 ; and we direct you so to find.

Verdict : "We find there is due and unpaid on the said judgment the sum of $125 with interest from June, 13, 1887."