### IN RE VANDENBURG

JUDGMENT BY CONFESSION ON NOTE—EVIDENCE HELD TO SHOW PAYMENT.
    In an application to set aside a judgment on a judgment note, evidence *held* to show payment of the note.

(*February* 22, 1921)

BOYCE, J. sitting.

*Frank M. Jones* for petitioner.

*James M. Tunnell* for respondent.

Superior Court for Sussex County, February Term, 1921.

RULE No. 1, February Term, 1921.

Application by John T. Vandenburg and another for a rule
against C. H. Todd to show cause why a certain judgment should
not be vacated and set aside. Rule waived. Issue framed. Trial
by jury. Judgment vacated and set aside.

John T. Vandenburg and Blanche T. Vandenburg preferred
a petition and affidavit to the court in which it was averred, in
substance, that they did, on the 11th day of May, A. D. 1917,
execute and deliver to C. H. Todd a judgment note for the sum
of $225.00, payable on the 11th day of September, A. D. 1917, to
which note there was annexed a warrant of attorney for the con-
fession of judgment thereon; that two certain payments were sub-
sequently made on said note, the second being made on the 1st
day of July, A. D. 1919, and in full payment of the balance due on
the note which Todd did not have with him at the time, though
he promised to deliver up the note later; that he caused judgment
to be entered on the note by confession in the Superior Court for
Sussex County, on the 13th day of August, A. D. 1920, it being
No. 97 to the June Term, A. D. 1920, of said court, and also caused
execution to be issued thereon. The prayer in the petition was for
a rule upon the said C. H. Todd to show cause why the judgment
should not be vacated and set aside. Counsel for the respondent
waived the issuance of the rule and appeared gratis. The rule
coming on for hearing, the only objection urged for the respond-
ent was based on the ground that the debt secured by said judg-
ment note had not been paid, either in whole or part, before the
entry of said judgment, and that the latter had not been paid, but
on the contrary, it was wholly due and owing.

BOYCE, J. The sole question presented is whether the judg-
ment note given by the Vandenburgs to Todd, and on which judg-
ment by confession was entered, had been fully paid before the
entry of the judgment. The court is disinclined to hear and deter-
mine the disputed question of fact, but will direct an issue to be
tried by a jury to ascertain and determine what amount, if any,
is due and unpaid on said judgment.

An issue was framed accordingly and tried before a jury on
a day in the term agreed upon by counsel. Proofs were made of

the payments on the note on which the judgment was entered as alleged in the petition. The payments, in fact, were admitted by the respondent, plaintiff in the judgment, but he claimed that they were made on another note, given by the Vandenburgs to him on the same day and for the same amount as the note on which he had caused the judgment to be entered, and that neither the note nor the judgment entered thereon had been paid. In rebuttal, it was denied that the payments were either made on or to be applied to another note. Mrs. Vandenburg denied that she ever joined her husband in any other note to Todd, except the note in question, and on which the judgment was entered.

After arguments of counsel and instructions by the court, the jury found there was nothing due and payable on said judgment.

On the day following the verdict:

BOYCE, J. The rule in this case is made absolute, and upon the finding of the jury on the issue submitted to them, the judgment mentioned in the proceeding is vacated and set aside, and the execution issued thereon is quashed. Costs on the respondent in the rule and plaintiff in the judgment.