(No. 14226.—Judgment affirmed.)

THE PEOPLE ex rel. W. F. Wilson, County Collector, Appellee, vs. THE CHICAGO, PADUCAH AND MEMPHIS RAILROAD COMPANY, Appellant.

*Opinion filed December 22, 1921.*

1. TAXES—*failure to certify and return certificate of levy of non-high-school tax within required time does not render tax void.* Under section 94 of the School law the failure to certify the levy of a special tax in a non-high-school district and to return the certificate of levy to the county clerk on or before the first Tuesday in October does not render the tax void where the levy is made within the required time.

2. SAME—*what constitutes levy of a non-high-school tax under section 94 of School law.* Under section 94 of the School law a special tax in a non-high-school district is levied by the determination of the school board of the amount of tax to be raised.

3. SAME—*when court may set aside judgment to obtain further evidence of levy of school tax.* The setting aside of a judgment, on motion, during the term for the purpose of allowing further evidence is a matter within the discretion of the court, and it is not error in a proceeding by the county collector for judgment for delinquent taxes to set aside a judgment sustaining objections to a school tax and permit the introduction of the record of the levy of the school board showing when the levy was made.

APPEAL from the County Court of Marion county; the Hon. W. G. WILSON, Judge, presiding.

ELBERT B. VANDERVORT, (H. T. DICK, of counsel,) for appellant.

CHARLES F. DEW, State's Attorney, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The board of education of non-high-school district No. 300 of Marion county met in the office of the secretary October 2, 1920. The record of that meeting shows that all members were present, and among other proceedings the record recites the following: "A motion made by

Mr. Sloan, and seconded by Dr. Simmons, to levy eighteen thousand dollars ($18,000) for the purpose of paying the tuition, the election supplies and other necessary expenses, was unanimously carried." Thereafter, October 15, 1920, a certificate of levy of the board of education of the non-high-school district was signed by W. F. Simmons, president, and Fannie M. Blair, secretary of the board, in which they certified that "we require the sum of $18,000 to be levied as a special tax to pay the tuition of graduates of the eighth grade residing in the non-high-school district in Marion county, on the equalized assessed valuation of the taxable property of our non-high-school district." This certificate of levy was filed with the county clerk of said county on the day it was dated. On the application to the county court of said county by W. F. Wilson, county collector for said county, for judgment for delinquent taxes, appellant, the Chicago, Paducah and Memphis Railroad Company, filed objections to the amount of the non-high-school tax assessed against its property to the amount of $1046.51, on the ground that the statute provides that the levy shall be made on or before the first Tuesday in October of each year, and that the statute is mandatory and the tax void because the levy was not made within the time prescribed by the statute. On a hearing the county court overruled appellant's objections and entered judgment against its property for the taxes, penalties, interest and costs and entered an order for the sale of its property for the payment thereof, and this appeal was perfected.

On the hearing appellee made a *prima facie* case by offering in evidence the tax sale and judgment record, showing the property of appellant delinquent in the payment of said taxes and charges as reported by the county collector for the year 1920, and also introduced in evidence the certificate of levy signed by the president and secretary of the non-high-school board, to which objection was entered by appellant for the reasons aforesaid. Upon this evidence the

county court sustained the objections of appellant and denied judgment to appellee.  Thereafter, and at the same term, appellee filed his motion asking the court to set aside the judgment and for leave to introduce further evidence. Over the objection of appellant the court sustained the motion to set aside the judgment and permitted appellee to introduce in evidence the record of the school board showing that the levy was made October 2, 1920, and within the time required for the levy to be made.  The court, after hearing arguments of counsel, then entered its order and judgment as aforesaid.

It is the contention of appellant that the certificate of levy is jurisdictional and that the certificate of the board of education filed with the county clerk constitutes the levy of the school taxes in question, and that it must be made and certified to the county clerk on or before the first Tuesday in October, as provided in section 94 of the School law. Several decisions of this court are cited by appellant as authority for its contention that the certificate of the board of education constitutes the levy or completes the levy and is a part of it, and *Lawrence* v. *Trancr,* 136 Ill. 474, *Baltimore and Ohio Southwestern Railroad Co.* v. *People,* 195 id. 423, and *People* v. *Wabash Railway Co.* 296 id. 518, are among the decisions cited.  Under sections 94 and 190 of the School law as it now exists the certificate of levy is only signed by the president and clerk of the school board and is no longer to be regarded as constituting the levy which must be made by the board when deliberating on that question. *People* v. *Cox,* (*ante,* p. 130.)

Section 94 of the School law provides that the board of education of a non-high-school district shall levy a tax annually upon all the taxable property of such non-high-school district, not to exceed one per cent upon the valuation to be ascertained by the last assessment for State and county purposes, for the purpose of paying the tuition of all eighth grade graduates residing within such non-high-school dis-

trict attending any two, three or four-year recognized high school. Such tax levy shall be certified and returned to the county clerk on or before the first Tuesday in October. The certificate shall be signed by the president and secretary of the board, and a failure to certify and return the certificate of the tax levied to the county clerk in the time required shall not vitiate the assessment. The certificate in such case is not recognized as a part of the levy, and the positive provision is that a failure to certify the levy and return the certificate of levy to the county clerk in the time required shall not vitiate the assessment. This was a provision that the legislature had a right to make and must be recognized by this court. The county court properly gave judgment against appellant's property and in doing so followed the provisions of the statute. This court said in *Gray* v. *Board of School Inspectors,* 231 Ill. 63, that as applied to taxation the word "levy" is given a variety of meanings, among others the following: " 'To impose or assess;' 'to impose, assess and collect under the authority of law;' 'to raise or collect by assessment;' * * * 'to determine by vote the amount of tax to be raised;' 'to fix the rate at which property is to be taxed.' " The act of levying, within the meaning of section 94 of the School law, is to determine by vote the amount of tax to be raised, and the school board in this case made and completed its levy, within the meaning of this act, when it determined by vote the amount of money to be raised as aforesaid.

Courts have control of their judgments during the term in which they are entered, and the setting aside of them for the purpose of allowing further evidence is a matter within the sound discretion of the court. The court did not err in setting aside its judgment in this case and permitting appellee to introduce the record of the levy of the school board. *Leslie* v. *Fisher,* 62 Ill. 118.

The judgment of the county court is affirmed.

*Judgment affirmed.*