BERTHA E. TWEED, widow of Robert W. Tweed, deceased, *v.* ALLEN LOCKTON.

*(July 29, 1932.)*

PENNEWILL, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*John Biggs, Jr.,* for plaintiff.

*Richards, Layton* and *Finger* appeared as *amicus curiæ* and opposed the motion.

Superior Court for New Castle County, Action on the case for negligence, No. 187, March Term, 1930.

RICHARDS, J., delivering the opinion of the Court:

 The inherent power of all courts of record to vacate or set aside their judgments or orders, during the term at which they are rendered, has long been recognized by the common law. In *Volume* 15, at *page* 688 of *Ruling Case Law,* the author in speaking of this power says: "It is based upon the substantial principles of right and wrong, to be exercised for the prevention of error and injury, and for the furtherance of justice." But it is equally well recognized by the common law, that in most cases this power of the courts to vacate or set aside their judgments or decrees does not extend beyond the term of court at which they were rendered, unless the proceeding for that purpose was begun during the term. *United States v. Mayer,* 235 *U. S.* 55, 35 *S. Ct.* 16, 59 *L. Ed.* 129; *Bassett v. United States,* 9 *Wall.* 38, 19 *L. Ed.* 548; *Cameron v. M'Roberts,* 3 *Wheat.* 591, 4 *L. Ed.* 467; *Sibbald v. United States,* 12 *Pet.* 488, 9 *L. Ed.* 1167; *People v. Chicago, P. & M. R. Co.,* 301 *Ill.* 135, 133 *N. E.* 710; *Ladd v. Stevenson,* 112 *N. Y.* 325, 19 *N. E.* 842, 8 *Am. St. Rep.* 748; *Ex parte Brickell,* 204 *Ala.* 411, 86 *So.* 1; *Brown v. Clark,* 81 *Conn.* 562, 71 *A.* 727; *Kaufman v. Shain,* 111 *Cal.* 16, 43 *P.* 393, 52 *Am. St. Rep.* 139; *Maryland Steel Co. v. Marney,* 91 *Md.* 360, 46 *A.* 1077; *Com. v. Weymouth,* 2 *Allen* (*Mass.*) 144, 79 *Am. Dec.* 776.

It is said by Lord Coke, in *Co. Litt.* 260 *A.*: "Yet during the term wherein any judicial act is done, the record

remaineth in the breast of the judges of the court, and in their remembrance, and, therefore, the roll is alterable during that term, as the judges shall direct; but when the term is past, then the record is in the roll, and admitteth of no alteration, averment or proof to the contrary." A number of authorities can be found which hold that clerical or formal corrections or amendments of the judgment record, which are necessary in order to correctly express the action of the court, but making no change thereof, may be made any time, either before or after the term has ended. *Montgomery v. Realty Accept. Corp. (C. C. A.)*, 51 *F.* (2*d*) 642; *Walker v. Walker*, 3 *Harr.* 502, is also in that class. See, also, *U. S. v. Mayer*, 235 *U. S.* 55, 35 *S. Ct.* 16, 59 *L. Ed.* 129.

Judge Woolley affirms the general common law rule in his work on *Delaware Practice*, in *Volume* 1, under *Section* 838, but makes the following comment in reference thereto: "In this jurisdiction the common law rule has been extended, and within certain restrictions, judgments by default may be opened and the defendants let into trial, and judgments may be opened to ascertain the amount due upon them, after the term in which the judgments are entered." The right to open judgments obtained by default is given by *Section* 4089 of the *Code* of 1915, which provides that if the defendant in such judgment, at or before the next term after such judgment was obtained, shall make an affidavit denying notice or knowledge of the suit before the judgment was rendered, and that he has a just or legal defense to the action, or some part thereof, the judgment shall be stricken and he will be allowed to appear. *Section* 4169 of the *Code* provides that, "in all actions in the Superior Court upon bills, notes, bonds, or other instruments of writing for the payment of money, or for the recovery of book accounts, on foreign judgments, and in all actions of *scire facias* on recognizances in the Orphans' Court and Court of Chancery, judgments or mortgages, judgment by default

shall be entered upon motion by the plaintiff or his attorney on the last day of the regular term to which the original process is returnable, notwithstanding appearance by the defendant, unless the defendant, or if there be more than one, one or more of them, shall have previously filed in the cause an affidavit stating that he or they verily believes or believe there is a legal defense to the whole or part of such cause of action, and setting forth the nature and character of the same; * * * Provided, that no judgment shall be entered by virtue of this section unless the plaintiff, * * * shall, on or before the first day of the term to which the original process is returnable, file in the office of the Prothonotary a copy of the instrument of writing, book entries, or claims, * * * with an affidavit stating the sum demanded, and that he or they verily believe that the same is justly and truly due."

The second paragraph of this section further provides, that upon sufficient cause being shown, a judgment obtained in this manner may be opened by the court and the defendant let into a trial, after he has given security as required. These two sections of the *Code* furnish specific methods for opening judgments under certain circumstances and are in conflict with the general principle of the common law. A practice has grown up in this state, under which the Court will open a judgment and grant an issue to be tried by a jury to ascertain the amount due thereon.[1]

---

[1] This is merely an example of the exercise of equitable powers by a court of law in simple cases and is because of the expense and delay incident to proceedings in the Court of Equity. Originally even in such cases there were certain well defined limitations on the application of this rule in a court of law in this state (*Townsend v. Townsend*, 5 *Harr.* 20; *Plunkett v. Dillon*, 3 *Del. Ch.* 496; *Staats v. Herbert*, 4 *Del. Ch.* 508; *Lofland v. McDaniels*, 1 *Penn.* 416, 41 *A.* 882; *Hickman, Admr., v. Hickman*, 3 *Harr.* 511; *Duncan's Use v. Richardson*, 1 *Marv.* 372, 41 *A.* 75; *Woolley's Del. Pr.*, § 846) ; but in recent years there has been an apparent tendency to somewhat relax the strictness of the old rules. See *Connor v. Pennington*, 1 *Del. Ch.* 177; *Green v. Maloney*, 7 *Houst.* 22.

This is, at least, true where the petitioner relies on payments made prior to the entry of the judgment sought to be opened. *In re*

By this proceeding the validity of the judgment is not questioned or any attempt made to vacate, or set it aside, the sole purpose being to determine the correct amount thereof. This practice is illustrated by the cases of *Solomon v. Loper,* 4 *Harr.* 187; *Budd v. Union Bank,* 1 *Houst.* 455; *Cloud's Adm'r v. Temple's Adm'rs,* 5 *Houst.* 587; *Lofland v. McDaniel,* 1 *Penn.* 416, 41 *A.* 882, and *In re Vandenburg,* 1 *W. W. Harr.* (31 *Del.*) 192, 112 *A.* 830. See, also, *Bronson v. Schulten,* 104 *U. S.* 410, 26 *L. Ed.* 797. A number of other cases can be found in this state in which judgments have been opened after the term at which they were rendered, in pursuance of statutory authority, or due to some material defect, jurisdictional or otherwise, which either appeared upon the face of the record or was first disclosed to the court during the argument on the motion.[2]

*Vandenburg,* 1 *W. W. Harr.* (31 *Del.*) 192, 112 *A.* 830; *White v. Osserman, et al.,* 16 *Del. Ch.* 39, 139 *A.* 761.

Under the early rule an attempt to abuse the process of the court by the issuance of an execution to collect the judgment was, apparently, necessary. *Townsend v. Townsend,* 5 *Harr.* 20; *Staats v. Herbert,* 4 *Del. Ch.* 508 (516); *Hickman v. Hickman,* 3 *Harr.* 511. Whether, however, that limitation has always been regarded as necessary in the more recent cases is at least an open question. See *City Loan System v. Nordquist,* 5 *W. W. Harr.* (35 *Del.*) 371, 165 *A.* 341; *Barnett v. Lynch,* 1 *Marv.* 114, 40 *A.* 666; *Derrickson v. Derrickson,* 2 *Marv.* 281, 43 *A.* 170; *Lofland v. McDaniel,* 1 *Penn.* 416, 41 *A.* 882; *Plunkett v. Dillon,* 3 *Del. Ch.* 496, 509; *Com. Realty Incorp. v. Jackson,* 5 *W. W. Harr.* (35 *Del.*) 395, 166 *A.* 657.

[2] It has already been pointed out in the above opinion that mere clerical or formal errors in a judgment could be corrected after the adjournment of the court at the term at which such judgment was entered. At common law there were, however, certain other well defined exceptions to the general rule that a judgment was final at the adjournment of the term. This was true where material errors of fact which made the judgment void but which had not been known to the court when it was rendered; and such defects could be shown at some subsequent term. *U. S. v. Mayer,* 235 *U. S.* 55, 35 *S. Ct.* 16, 59 *L. Ed.* 129; *Bronson v. Schulten,* 104 *U. S.* 410, 26 *L. Ed.* 797; 5 *Ency. Pl. & Pr.* 32; 34 *C. J.* 391, etc.

This exception to the general rule applied in most cases when the defendant, though under age, appeared by attorney, or when the plaintiff or defendant was a married woman when suit was brought, or when the plaintiff or the defendant had died before verdict, or before the entry of an interlocutory judgment, in the case. *U. S. v.*

In *Waples v. Hastings,* 3 *Harr.* 403, the court vacated a judgment after the term at which it was rendered, on the ground that the defendant was an infant when he signed the bond and warrant of attorney, upon which said judgment was entered, though the record did not show this defect. The same general principle was applied when the obligor had died some time before entry, in *Hukill v. Fennemore,* 4 *Houst.* 581, and *Guyer's Adm'r v. Guyer,* 6 *Houst.* 430.

In *Mendenhall's Ex'rs v. Springer,* 3 *Harr.* 87, a judgment which had been entered against the defendant alone was ordered stricken from the record, because the bond and warrant of attorney authorized the entry of judgment against the defendant and his wife jointly.

In *Bank of Wilmington v. Sharpe,* 5 *Harr.* 170, a

---

*Mayer,* 235 *U. S.* 55, 35 *S. Ct.* 16, 59 *L. Ed.* 129; *Bronson v. Schulten,* 104 *U. S.* 410, 26 *L. Ed.* 797; 5 *Ency. Pl. & Pr.* 32, *supra.*

It also applied in some cases where there were material errors of fact in the process or through the default of the clerk. *U. S. v. Mayer,* 235 *U. S.* 55, 35 *S. Ct.* 16, 59 *L. Ed.* 129; *Bronson v. Schulten,* 104 *U. S.* 410, 26 *L. Ed.* 797; *Fugate v. State,* 85 *Miss.* 86, 37 *So.* 557; 1 *Arch. Pr.* 234, 235; 2 *Tidd's Pr.* 1191; 5 *Ency. Pl. & Pr.* 32. The exception never applied, however, to facts submitted to a jury, or found by a referee, or bv a court sitting to try issues of fact. *Bronson v. Schulten,* 104 *U. S.* 410, 26 *L. Ed.* 797. Nor did it apply where the errors were in the judgment actually rendered by the court and not merely in the process. 1 *Arch. Pr.* 235.

It seems that, in most cases, questions of this character were formerly raised under the ancient common law writ of *coram nobis* (*U. S. v. Mayer,* 235 *U. S.* 55, 35 *S. Ct.* 16, 59 *L. Ed.* 129; *Bronson v. Schulten,* 104 *U. S.* 410, 26 *L. Ed.* 797); and it may be that strictly speaking mere clerical or formal errors were also in that class (*U. S. v. Mayer,* 235 *U. S.* 55, 35 *S. Ct.* 16, 59 *L. Ed.* 129; 34 *C. J.* 397).

For the purposes of this note, it is sufficient to say that, generally speaking, a writ of *coram nobis* was a species of writ of error for the review of facts, only, by the same court that had entered the judgment attacked. *U. S. v. Mayer,* 235 *U. S.* 55, 35 *S. Ct.* 16, 59 *L. Ed.* 129; *Bronson v. Schulten,* 104 *U. S.* 410, 26 *L. Ed.* 797; *Camp v. Bennett,* 16 Wend. (*N. Y.*) 48; *Teller v. Wetherell,* 6 *Mich.* 46; 2 *Tidd's Pr.* 1191; 34 *C. J.* 390; 5 *Ency. Pl. & Pr.* 32.

This writ now seems to be almost obsolete in both England and America and has been practically supplanted by the more convenient method of motion, and rule issued pursuant thereto. *U. S. v. Mayer,* 235 *U. S.* 55, 35 *S. Ct.* 16, 59 *L. Ed.* 129.

several judgment was stricken off because the warrant of attorney was joint.

In *Mayor of Wilmington v. Kearns,* 1 *Houst.* 362, a judgment was set aside after two terms had elapsed because it appeared from the record that the defendants had not been properly summoned.

In *Vincent v. Herbert,* 2 *Houst.* 425, the bond and warrant of attorney on which the judgment was confessed was executed by several persons and the warrant of attorney authorized the entry of judgment jointly. The judgment was set aside because it was entered against one of the persons alone.

In *Garden v. Derickson, Adm'r,* 3 *Houst.* 342, judgment was secured upon an affidavit of demand and the amount ascertained by the Prothonotary. It being represented at the next term, that the fact that the suit was against an administrator had been inadvertently overlooked, the court allowed the plaintiff to open the judgment and ascertain the amount due thereon by a jury in order to make it bind the real estate of the deceased.

In *Frankel v. Satterfield,* 9 *Houst.* 201, 19 *A.* 898, the court set aside a judgment several terms after it was entered, on the ground that it was void on its face, for want of jurisdiction by the court at the time it was obtained.

In *Odessa Loan Ass'n v: Dyer,* 2 *Boyce* (25 *Del.*) 457, 81 *A.* 469, the judgment was vacated at the succeeding term because the record showed that no service was made or attempted to be made upon the defendant.

In *Jones v. Hinderer,* 7 *Boyce* (30 *Del.*) 516, 108 *A.* 737, it appeared from the record that a judgment was entered in the Superior Court in 1918 on a transcript from a justice of the peace, and that service of the summons was not made upon the defendant as required by the statute. The judgment was stricken from the record in 1920, on a rule to show cause, by reason of the defective service.

In re *Vandenburg,* 1 *W. W. Harr.* (31 *Del.*) 192, 112

*A.* 830, the court allowed a judgment to be opened after the term to which it had been entered, in order that an issue might be tried by a jury, to determine what amount, if any, was due thereon.

In *Stidham v. Thatcher*, 2 *Penn.* 567, 47 *A.* 1005, the court refused to open a judgment after the term at which it was rendered had passed, for want of service, but the reason assigned therefor was that the return of the officer showing service imported verity and was conclusive as between the parties.

Also, in the case of *Woolley v. Corbit*, 3 *Penn.* 501, 51 *A.* 601, the court refused to set aside a judgment at the second term after it was obtained, for the like reason that the return of the officer serving the process imported verity, as aforesaid, and for the additional reason that by statute an application to set aside a judgment for want of appearance must be made at or before the next term after such judgment was entered.

The only case which we have been able to find in this state in which the common law rule respecting the right of the court over its judgments had been expressly mentioned is *Hendrix v. Kelley*, 4 *W. W. Harr.* (34 *Del.*) 120, 143 *A.* 460, 461. In that case a motion was made by the plaintiff to strike off a judgment which the defendant had obtained against him by mechanic's lien proceedings. Though the record showed that the proceedings on which the judgment was based were not filed within the time required by the statute, the motion to strike off the judgment was not made until about two years after it was rendered and until after several terms of court had intervened. The common law doctrine was referred to by the court in a general way and the following comment made: "This rule does not seem to have been applied in this state to petitions to open judgments, for defects not appearing upon the record, either for the purpose of showing the invalidity of such judgments, or the amounts due thereon. * * * At any rate, it has

not been applied to defects of a jurisdictional nature appearing upon the face of the judgment record, and this court has repeatedly entertained motions to strike off judgments of that character at terms subsequent to the ones at which they were rendered." But the doctrine was neither affirmed nor denied. The main reason assigned by the court for striking off the judgment was the failure to comply with the statute as the following language indicates: "It is sufficient to say, however, that the judgment in question was void on its face and that no one was injured by plaintiff's delay in making his application to strike off." We have been unable to find any decision in this state, in which the common law rule with respect to vacating a judgment, after the term at which it was rendered, was distinctly passed upon.

As stated before, the question before us is the plaintiff's motion to open the judgment and let the defendant into a trial for the reasons above stated. It is not pointed out nor does the record disclose, that the parties have been unjustly deprived of any rights to which they were entitled. The claim is not made that the judgment is invalid or that there is error therein. The main reason which seems to be relied upon by the plaintiff for opening the judgment, is that notice may be given to the defendant insurer as required by the policy. It is suggested, but not admitted, that such notice may not have been given when suit was brought. Without deciding whether the required notice was given, or could now be given, we decline to open the judgment because the record does not disclose and we are not convinced that the plaintiff has been unjustly deprived of any rights to which she was entitled.

The motion to open the judgment is hereby refused.