ELLA L. HAZZARD, widow, *v.* PAUL ALEXANDER.

(*March* 4, 1935.)

LAYTON, C. J., and RICHARDS, J., sitting.

*Samuel Arsht* for plaintiff.

*William S. Potter* (of Ward and Gray) for defendant.

Superior Court for Sussex County, February Term, 1935.

LAYTON, C. J., delivering the opinion of the court:

The plaintiff, as widow, sued under *Section* 4155, *Revised Code* 1915, to recover damages for the death of her husband, who, being a guest of the defendant operating an automobile, was killed in an accident.

A demurrer was filed to the declaration, and this Court, in *Hazzard v. Alexander,* 6 *W. W. Harr.* (36 *Del.*) 212, 173 *A.* 517, held that the right of action averred in the declaration had been barred by *Chapter* 26, *Vol.* 38, *Laws of Delaware,* which denies a right of action to a person transported in a motor vehicle as a guest, except where the accident was intentional on the part of the operator, or caused by his wilful or wanton disregard of the rights of others.

The demurrer was sustained on June 29, 1934, at the June Term of this Court. The record discloses the filing of the Court's opinion and contains the entry, "Demurrer sustained."

No request was made at the June Term by the plaintiff, or her then counsel of record, for the rendition of a judgment of respondeat ouster. The matter remained until some time in December, when, in vacation and informally, the present counsel for the plaintiff asked leave to file an amended declaration. This leave was not granted, and it was suggested that a formal motion be presented to the Court in session, and upon notice to the defendant's counsel.

Accordingly, at this term, the plaintiff moves for leave to elect judgment of respondeat ouster, and to file an amended declaration. This motion is opposed on the ground

that the judgment rendered on the demurrer was a final judgment which this Court is powerless to vacate, the term at which it was rendered having expired.

Section 4168, *Revised Code* 1915, is as follows:

"In all cases, civil or criminal, in which either party shall demur to any indictment, declaration, plea or other pleading of any description of the opposite party, the Court, in rendering judgment thereon, shall, if requested by the party against whom any such judgment is rendered or by his counsel of record, render a judgment of respondeat ouster, and the party against whom any such judgment of respondeat ouster is rendered shall have the right to amend or plead over after the entry of such judgment to the facts of the case by way of traverse or otherwise."

The plaintiff contends that a judgment on demurrer is not a final judgment which may not be vacated after term; that if, at common law, such judgment be deemed a final judgment, the above statute has removed it from that class, and has placed a judgment on demurrer in the class of orders or interlocutory judgments, and, therefore, it is within the discretion of the Court, after the expiration of the term, to vacate such judgment, to render a judgment of respondeat ouster, and to grant leave to file an amended declaration.

The filing of the opinion of the Court and its order, on June 29, 1934, constituted a judgment. No other or further action on the part of the Court was required.

The rendition of a judgment is the judicial act of the Court in pronouncing the sentence of the law upon the facts in controversy as ascertained by the pleadings, and verdict or findings, as distinguished from the entry of the judgment which is the ministerial act of spreading it at large upon the record. Upon its rendition, and without entry, a judgment is final, valid and enforceable, as between the parties, in the absence of any statute to the contrary, although for many purposes entry of the judgment is also essential. 34 *C. J.* 44-52; 15 *R. C. L.* 578, *et seq.*

■ The use of the term, "judgment," ordinarily implies a final judgment. 1 *Freeman, Judgments,* 5. The statute uses the word, "judgment," and the phrase, "judgment of respondeat ouster." There is nothing in the statutory language to suggest that "judgment" was not to be understood other than in its ordinary sense.

■ At common law a judgment on demurrer was a final judgment. *Bramah v. Roberts,* 1 *Bing. N. C.* 481. In *Hale v. Lawrence,* 22 *N. J. Law* 72, it was said,

"Upon a demurrer to a plea in law, or to any other pleading in chief, the judgment is final; final, I mean, not as contradistinguished from a judgment interlocutory, but final, as it is conclusive of the question at issue. And in this sense the judgment is equally final, whether it be for the plaintiff or for the defendant, or for or against the demurrant. Its conclusive effect cannot be avoided, except by opening or avoiding the judgment."

In our own state, in *Silver v. Rhodes,* 2 *Harr.* 369, it was said,

"When a demurrer is joined on any pleadings in chief, as on the declaration, plea in bar, or other pleading which goes to the action, the judgment is final; i. e., if for the plaintiff, *quod recuperet;* if for the defendant, *quod eat sine die*";

and the authority cited by the court, *Gould on Pleading, Ch. IX, Part 1, Sec.* 42, proceeds to say,

"So that, on demurrer to any of the pleadings which go to the action, the judgment for either party is the same as it would have been on an issue in fact joined upon the same pleading, and found in favor of the same party."

*Freeman, Judgments, Vol.* 2, § 744, after saying that orders sustaining or overruling demurrers are not in themselves final judgments, proceeds,

"Such a final judgment may result when a demurrer to the plaintiff's pleading is sustained, without leave to amend or where leave to amend is given but no amendment is made."

See, also, *Pettys v. Marsh,* 24 *Fla.* 44, 3 *So.* 577. So

careful and accurate a writer as Judge Woolley says, that at common law and in the early practice in this state, when a demurrer was joined on any pleading in chief, the judgment was final. 1 *Woolley Pr.*, § 549; and the writer goes on to make this significant statement,

"As the rigor of this rule was thought to work a hardship in many cases, various statutes were enacted to make less severe the consequences of a judgment on demurrer."

The first statute to lessen the severity of the common law rule was *Chapter* 219, *Vol.* 17, *Laws of Delaware,* which provided,

"That in all cases, civil and criminal, in which any or either party shall demur to any indictment, declaration, plea, * * * or other plea of any description of the opposite party, and the said demurrer shall be overruled, the party demurring shall have the right to plead over * * * without withdrawing his demurrer; and upon appeal or writ of error shall have the questions of law arising upon the demurrer decided * * * as if the party demurring had not pleaded over."

This act was specifically repealed by *Chapter* 126, *Vol.* 21, *Laws of Delaware,* which provided that where the demurrer was overruled,

"the judgment thereon shall be Respondeat Ouster, which shall be a final judgment for the purpose of taking a writ of error,"

and,

"That upon the rendering of said judgment of Respondeat Ouster, or the affirming thereof by the Supreme Court, upon writ of error * * * the party demurring shall have the right to plead over * * *"

The existing statute, *Section* 4168 of the *Code,* is found in *Chapter* 303, *Vol.* 21, *Laws of Delaware.*

It will be noticed that the first attempts to lessen the rigor of the common law were directed only to the case where the demurrer was overruled. Neither of the first two acts touched the consequences resulting from a judgment sustaining a demurrer. The present statute, not only

alleviates the hardships supposed to result from the rule of the common law, but it removes entirely its rigorous consequences. All situations and conditions are provided against, except the consequences of neglect, and neglect without more, cannot be said to be a hardship resulting from the rule. There is nothing in the present statute to suggest that judgments on demurrers are placed in the class of orders merely, or interlocutory judgments. On the contrary, every suggestion is to the contrary. The language of the statute, "in rendering judgment" does not point to a mere order, or judgment interlocutory, for it goes on to say, that upon request the Court shall render a judgment differing in character from the one otherwise to be rendered, that is, a judgment of respondeat ouster.

It is not to be presumed that the Legislature intended to effect any change in the common law beyond that clearly indicated, either by express terms or by necessary implication from the language used. 59 *C. J.* 1040; 25 *R. C. L.* 1054; 2 *Sutherland, Stat. Cons.* 454; and the statute should be construed in connection with the previously existing statutory and common law on the subject. *State v. Donovan, 5 Boyce* (28 *Del.*) 40, 90 *A.* 220.

Considering the undoubted rule of the common law and the purpose of the statute as clearly expressed, it seems sufficiently clear that the Legislature did not intend to change the ordinary character of a judgment on demurrer, nor to do more than afford to every demurrant an opportunity to avoid the consequences of such judgment. To avoid those consequences, the losing demurrant is required to take affirmative action at a fixed and definite time. The action is a request to the Court to render, not a final judgment which, but for the request, the Court would be compelled to render, but a judgment of respondeat ouster. The time for the request is when the judgment is rendered. This, of course, does not mean the precise mo-

ment of the rendition of the judgment. This would be an entirely unreasonable construction of the words, "in rendering judgment." It means during the term at which the judgment is rendered. No other reasonable construction may be had of the statutory language.

■ Therefore, unless the request is made as directed by the statute, the Court is without power to render any other judgment on demurrer than a final judgment.

■ Customarily, counsel for the losing party states in open court that he elects to take judgment of respondeat ouster, or final judgment, but the statute does not confer a right of election. The judgment on demurrer is final and a writ of error may be taken thereon, unless during the term, a request is made to have entered a judgment of respondeat ouster.

The plaintiff insists that the rule that courts are powerless to deal with their judgments after the expiration of the term at which they were rendered is not an inexorable rule, but one which admits of many exceptions, and urges that the tendencies of many courts have been liberal in this respect.

We are not especially concerned with the decisions in other jurisdictions in matters upon which our own courts have repeatedly ruled. Undoubtedly, our courts have vacated and opened judgments after the term, but apart from certain default judgments which may be vacated under express statutes, an examination of *Woolley's Practice* and the decisions both before and after the publication of that work, will disclose that, in every instance, some especial consideration has moved the court, such as want of jurisdiction, or jurisdictional defect, irregularity, error, or some equitable consideration. It is not necessary to examine these decisions. They are collected and commented upon in *Tweed v. Lockton*, 5 *W. W. Harr.* (35 *Del.*) 474, 167 *A.* 703.

██ But generally all judgments regularly entered must become final at the end of the term. After that time the courts which entered them have no power to set them aside, except such as may be given by statute, unless some proceeding for that object has been commenced within the term and has been continued for hearing, or otherwise remains undisposed of. The reason is that interests of society demand that there should be a termination to every controversy. Interference by the Court to vacate or annul a judgment, after the term, can only be justified on the ground that the judgment was procured in such manner as to indicate that it was not intended to be authorized by the Court, or if authorized, that it is nugatory for want of jurisdiction. 1 *Freeman, supra,* § 196. This rule is recognized distinctly in *Tweed v. Lockton, supra,* for which ample authority is cited.

██ Here there is no statute authorizing the Court to act. The Court had jurisdiction. There is no error or irregularity. No sufficient equitable consideration has been advanced. We must hold, therefore, that the judgment rendered on the demurrer was a final judgment, no request having been made during the term for the rendition of a judgment of respondeat ouster; and, the term at which it was rendered having expired, the Court is powerless to vacate the judgment and to render a judgment of respondeat ouster.

The motion is denied.