BROWN *v.* PHILADELPHIA, WILMINGTON & BALTIMORE R. Co.

*(Circuit Court, D. Delaware.* November 16, 1881.)

1. PRACTICE—JUDGMENT BY DEFAULT.

Judgment by default for want of an appearance taken off, and the defendant let in to try the case upon its merits, upon it appearing to the court that there has been no negligence or laches upon his part in failing to have an appearance entered; and upon it further appearing that the attorney for the defendant mistook the jurisdiction of the court, and in point of fact endeavored to cause an appearance to be entered in another tribunal—*i. e.,* the superior court of the state of Delaware—in which he thought the suit had been brought.

Summons. Action on the case. Motion to strike off a judgment by default for want of an appearance, or to open the same, so as to let the parties in to a trial on the merits of the case.

*George V. Massey,* for the motion, cited the following authorities:

*Wood* v. *Cleveland,* 2 Salkeld, 518; *Dobbs* v. *Paffer,* 2 Strange, 975; *Evans* v. *Gill,* 1 Bos. & Pul. 52; 1 Tidd, 567; *Conklin* v. *Haven,* 6 Johns. 126; *Phillips* v. *Hawley,* Id. 127; *Davenport* v. *Ferris,* Id. 130; *Burrows* v. *Hillhouse,* Id. 132; *Platt* v. *Torrey,* 18 Wend. 572; *Breden* v. *Gilliland,* 67 Pa. St. 341; *Sterling* v. *Ritchey,* 17 Serg. & R. 263; *Pennington* v. *France,* 2 Houston, 417; Rev. Code of Delaware, 603; section 914 Revised Statutes; and a certificate as to the practice in the state courts signed by all the judges of the superior court of the state of Delaware in the following words:

"DOVER, November 5, 1881.

"The practice in the superior court of this state is to take off a judgment by default for want of appearance when the application for that purpose is made without unreasonable delay, and the court is satisfied that the failure of counsel to appear at the return term was not owing to gross carelessness. In such cases an affidavit of counsel is never required, but, if insisted on, the court would order it. They would, however, require to be satisfied that the·

defendant believed he had a good defence to the whole or some part of the cause of action. This practice, we believe, has always prevailed in this state, and rests in the sound discretion of the court. The second paragraph of section 3 of chapter 102 of the Revised Code obliges the court to take off such judgment upon affidavit made in compliance with its requirements, but this has never been understood to affect further the ancient practice. Of course, if execution had been issued upon such a judgment, it would remain cautionary. Chapter 102 is no older than 1852.

> "J. P. COMEGYS, C. J.
> "JOHN W. HOUSTON, J.
> "EDWARD WOOTTEN, J.
> "L. E. WALES, J."

—And the affidavit of the president of the road of a meritorious cause of action; of a director of the road upon whom process had been served and who notified counsel; of the attorney of the road that he had mistaken the tribunal and had directed the prothonotary of the state court to enter his appearance in the railroad case *bona fide*, thinking the case was in that court.

*James W. Gray, contra,* relied upon—

Section 914, Rev. St., conforming the practice in the United States courts to that of the state courts, and to the following provision of the Delaware State Code regulating the practice in the state courts, viz.:

"If the defendant in a writ of summons shall not appear at the return-day thereof, and it shall appear by the return that he was duly summoned; it shall be lawful for the plaintiff, having filed his declaration, to take judgment thereon for default of appearance, according to the rules and practice of the court. But if the defendant shall, at or before the next term after such judgment, by affidavit, deny notice or knowledge of such suit before the judgment was rendered, and shall allege that there is a just or legal defence to the action, or some part thereof, such judgment shall be taken off and he shall be permitted to appear; any execution which may have been issued thereon to remain cautionary." Section 3, Del. Rev. Code 1874, c. 102, pp. 633, 634.

BRADFORD, D. J. The facts in the case are as follows:

The plaintiff brought suit to the last June term of this court to recover damages for injuries suffered by him by alighting from a train *en route* through this city and stopping temporarily to permit the passengers to obtain refreshment. The summons was properly issued and served upon the corporation defendant. No appearance was ever entered by defendant, and, upon August 2d last, the plaintiff filed his declaration and entered judgment by default for want of an appearance. At the present October term, on October 19th, the plaintiff obtained an order, in the nature of a writ of inquiry, for the ascertainment of the damages by a jury attending at this term.

Upon this state of facts the defendant moves to-day that the judgment be stricken off the record, and presents the affidavits before mentioned.

Section 914, Rev. St., requiring the practice, etc., in the United States courts, in cases other than equity and admiralty, to conform, as near as may be, to the practice, etc., in like cases in the state courts of the states in which such United States court is held, the first

inquiry will be, what is the practice in this regard in the state courts of Delaware?

Remembering the fact that common-law actions have been judicially tried and determined within the territory now defined by the limits of this state for a period of upwards of 200 years, and that it has been repeatedly held, by the highest courts of judicature within this state, that the common law of England, up to the time of the declaration of independence, is as much a part of our system of jurisprudence as it is that of Great Britain, it will be material to examine the decisions of the common-law courts of that country, and, ascertaining what they are, see how far the statute laws and practice of our own state have modified them, or affected their validity here.

The cases referred to by the defendant's attorney, and running back to the time of William and Mary, all sustain the principle contended for, and recognize the propriety, right, and justice of permitting a judgment by default, be it never so regular, to be taken off if it shall appear to the court that the defendant has a meritorious, just, and legal ground of defence. Indeed, one of the authorities goes so far as to permit the judgment to be taken off, and the case to be tried on its merits, notwithstanding an acknowledgment by the defendant, at the time of the application, of gross carelessness and neglect on the part of the attorney in not entering an appearance. It thus appears that the ancient and uniform practice in England permitted the default to be taken off upon its appearing to the court that the defendant had a just and legal ground of defence. The American authorities cited go to the same point.

If, then, this was the established practice inherited from our English ancestors, and in vogue in our own state up to the time of American independence, to what extent has the statute of Delaware, relied upon by the plaintiff, modified or controverted it? We cannot see that it does so. A careful inspection of the statute in question shows that it makes provisions for a defendant not served by process, and against whom a judgment by default has been entered. He may come in, and, upon making affidavit of the facts, the court must take off the default; but it is silent as to taking off defaults against defendants differently circumstanced. And, in the absence of any express statutory enactments as to other cases, the ancient practice must be held to prevail.

There being no statute provision controverting the ancient practice, is there any modern practice of our state courts in antagonism with it. As we are informed, there is but one reported case, that of

*Pennington* v. *France*, 2 Houston, 417, and this recognizes and affirms the ancient practice.

Without examining at any greater length into the matter, we may say that all doubt is removed by the certificate presented by the defendant's attorney for the inspection of the court, and signed by all the state judges, declaring what is the practice in the state courts in this regard. This, although it has not the weight of a decision given by these eminent judges while on the bench, in a case duly argued by counsel, and maturely weighed by them in their official capacities, yet is of value as settling the question of practice upon this point in the courts of the state.

Upon an examination of the Delaware statute itself, and giving due weight to the declaration of the judges of the superior court as to the fact as to what the practice is in the superior courts of the state on this point, we have no hesitation in directing that the judgment be set aside, and the defendant let in to try his case upon its merits, upon his pleading an issuable plea, and paying the costs of the suit up to date.