JAMES B. STIDHAM, for the use of FRANCIS E. GALLAGHER, *vs.*
SARAH K. THATCHER.

*Courts—Jurisdiction—Conclusiveness of Records of Justices of Peace
—Court of Record—Service of Process—Judg-
ment—Vacating Judgments.*

The Justice's Court is a Court of record, and has been so held by this Court; and
the statute of this State with reference to the docket entries required to be made by
the Justice expressly requires that the return of service shall be made a part of the
record. And in the case of a judgment by default the statute also requires that the
service of process shall be verified by the officer making the service. In matters over
which the jurisdiction of the Justice extends under the statute clothing him with au-
thority in the premises, a safe rule is to make no distinction in the conclusiveness of
presumption between recitals contained in the records of this Court and courts of jus-
tices of the peace.

(*September 26, 1900.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Robert Adair* for plaintiff.

*Herbert H. Ward* for defendant.

Superior Court, New Castle County, September Term, 1900.

PETITION AND MOTION TO VACATE AND SET ASIDE JUDG-
MENT (No. 401, September Term, 1899), because, as it was con-
tended, no service was had upon Sarah K. Thatcher, under the law,
in the suit, before the Justice. (Argued June 11, 1900).

The petition of the defendant set forth the following:

"That there remains on the records of this Court a certain
judgment of James B. Stidham for the use of Francis E. Gallagher,
against her the said Sarah K. Thatcher, being No. 401 to the Sep-
tember Term, 1899, for the real debt of eighty-one dollars and

fifteen cents, with interest from August 22d, 1899, as by reference to Judgment Docket Book G, Volume 3, page 493, more fully appears.

"That said judgment was originally recovered before William W. Pritchett, Esq., a Justice of the Peace of the State of Delaware for said County of New Castle, by James B. Stidham of Wilmington Hundred, against your petitioner the said Sarah K. Thatcher, on the twenty-second day of August, eighteen hundred and ninety-nine, and a transcript thereof was entered in this Court on the nineteenth day of September, eighteen hundred and ninety-nine, being one day after the commencement of the September Term, eighteen hundred and ninety-nine.

"That the transcript of said judgment discloses that the original action was brought by the said Stidham against the said defendant in assumpsit, for work and labor, upon the sixteenth day of August eighteen hundred and ninety-nine and, according to said transcript, the summons in said suit purports to have been served by leaving a copy at said defendant's usual place of abode in the presence of Lydia Cloud on the sixteenth day of August, eighteen hundred and ninety-nine. Said transcript further shows that said judgment was on the day of its supposed recovery, to wit, the twenty-second day of August, eighteen hundred and ninety-nine, assigned to the said Francis E. Gallagher.

"That on the day the said summons purports to have been served upon said defendant she was away from the City of Wilmington, her usual place of abode, and out of the State of Delaware, at Ocean Grove, New Jersey, and did not return to the said City and State until the expiration of two weeks thereafter, and did not hear of the said summons or of the said judgment so supposed to be be recovered against her, until the latter part of September, eighteen hundred and ninety-nine; that she had no knowledge of said summons or of said judgment at any time within fifteen days after the day of giving such judgment by default against her, as appears by the said transcript of said judgment; that she hath since

ascertained and now upon such information and belief avers that said summons in said suit was not served upon her by leaving a copy at her usual place of abode, in the presence of the said Lydia Cloud or any other person, and that said summons was never left at her place of abode at all.

"Said deponent further saith that she has a good defense to the entire supposed cause of action of the said James B. Stidham, and that at the time of the rendering of said judgment she owed said James B. Stidham no sum whatsoever.

"Your petitioner refers to the docket entries of said supposed judgment upon the records of this Court and to the transcript of said judgment filed in the records thereof, and prays that the same may be taken as part of this her petition.

"For the reasons aforesaid, and that the said supposed judgment was obtained against her without service of process upon her in any manner, and so without the jurisdiction of the Court rendering the same, pour petitioner prays that the same may be stricken from the records of this Court and vacated."

Although there was no irregularity disclosed on the record, Mr. Ward, stated that he could show by extrinsic evidence that the judgment was absolutely void for want of jurisdiction, and contended that, assuming the Court would take jurisdiction, provided the *absence* of jurisdiction appeared upon the face of the record, yet that they should not go further and assume jurisdiction when the *lack* of jurisdiction may be shown *dehors* record.

*Frankel vs. Satterfield, 9 Houst. 201 ; Mitchell Vance vs. Ferris & Co., 5 Houst., 41.*

The Court held the matter under advisement until September 26, when the following opinion was rendered:

Boyce, J.: —In this case it is conceded that the recitals in a Court of general jurisdiction are conclusive; but it is alleged that there is not the same conclusive presumption in favor of courts of justices of the peace. While it is true that some courts have

held that the recitals in the record of a Court of limited jurisdiction are never conclusive of a jurisdictional question and may be controverted *dehors* the record, yet we are not prepared to hold that the return of a constable, or the recital in the record of a judgment of a Justice of the Peace of this State is not as conclusive here as is the return of process made to or a recital in a judgment of this Court.

The Justice's Court is a Court of record, and has been so held by this Court, and the statute of this State with reference to the docket entries required to be made by the Justice expressly requires that the return of service shall be made a part of the record. (*Revised Code, Sec. 18, p. 751*). And in the case of a judgment by default as was the judgment in this case, the statute also requires that the service of process shall be verified by the officer making the service. (*Revised Code, Sec. 5, p. 742*). And the transcript filed in this case shows that the return was verified as by law required. We think, therefore, in matters over which the jurisdiction of the Justice extends under the statute clothing him with authority in the premises, a safer rule for us to adopt is to make no distinction in the conclusiveness of the presumption between the recitals contained in the records of this Court and those of courts of justices of the peace.

The petition is dismissed with costs.