GEORGE B. WIGGIN, d. b., *vs.* WILLIAM MASSEY, DAVID MASSEY, ISAAC MASSEY, an infant, by DANIEL MASSEY, his father and next friend, p. b.

1. JUSTICES OF THE PEACE—REVIEW ON CERTIORARI—SERVICE OF CITATION.

Though citation on certiorari commanding a justice of the peace to send up the record of a judgment in the case should be served on each of the defendants, the Superior Court will, on failure of personal service on one of several defendants, hear and determine the exceptions on two returns of *non est inventus.*

2. JUSTICES OF THE PEACE—SUMMONS—REQUISITES.

A summons in justice's court, which fails to state the hour for the appearance of defendant, is fatally defective.

3.  JUSTICES OF THE PEACE—RESIDENCE OF PARTIES.

Under *Rev. Code* 1852, amended to 1893, *p.* 723 (16 *Del. Laws, c.* 340), defining the territorial jurisdiction of justices of the peace in New Castle County, a justice has no jurisdiction, where it does not appear that either of the parties resided within his territorial jurisdiction.

(*March* 16, 1914.)

Judges BOYCE and CONRAD sitting.

*James W. Lattomus* for defendant below.

Superior Court, New Castle County, March Term, 1914.

ACTION before a justice of the peace by William Massey and others against George B. Wiggin. There was a judgment for plaintiffs, and defendant brings certiorari (No. 30, January Term, 1914), commanding the justice of the peace to send up record of judgment. Alias citation (No. 12, March Term, 1914). Exceptions filed. There was no appearance for one of the defendants. The return upon the original citation was: "Cited personally William Massey, Isaac Massey, an infant, and Daniel Massey, his father and next friend, December 15, 1913, and *non est inventus* as to David Massey." The return upon the alias citation was: "Cited personally William Massey and Daniel Massey, February 26, 1914, and *non est inventus* as to David Massey and Isaac Massey."

The exceptions coming on to be heard, counsel for plaintiff called the attention of the court to the fact that David Massey, one of the defendants, had not been cited, and that as to said defendant there had been two returns of *non est inventus*, and inquired whether the court would hear the exceptions without full service of citation.

BOYCE, J.:—[1] The citation should be served upon the defendant, or defendants, on or before the return day of the writ. Where there are two or more defendants, the citation should be served upon each of them.

In this case one of the defendants has not been served. In appeals from justices of the peace, this court has held two returns of *non est inventus* equivalent to a service; and where there is

Opinion—Judgment Reversed.

failure of personal service of the citation accompanying a writ of error, the Supreme Court will on two returns of *non est inventus* hear and determine the writ *ex parte. Vandergrift v. Page,* 5 *Harr.* 439.

Applying this practice to a proceeding by certiorari, this court will on failure of personal service hear and determine the exceptions on two returns of *non est inventus.* 1 *Woolley, Del. Prac.* § 909.

[2, 3] Two of the exceptions: (1) "That the record does not disclose that the summons stated the *hour* for the defendants' appearance; (2) that the record does not disclose that either of the parties to the action resided within the territorial jurisdiction of the justice of the peace before whom the action was brought,"— are fatal.

The last exception is applicable to cases in New Castle County. *Revised Code* (1893) *p.* 723 (16 *Del. Laws, c.* 340).

Judgment reversed.