## JESUS GONZALEZ, Plff.

### v.

## NORWICH UNION FIRE INSURANCE SOCIETY, Dft.

---

San Juan, Law, No. 1032.

As to Opening of Judgment by Default.

Federal Practice—Conformity Statute.
1. Revised Statutes, § 914, provides that the practice of local

Gonzalez v. Norwich Union Fire Ins. Society.

courts shall be followed as far as may be. Everything connected with a jury trial, however, is outside of this rule, inasmuch as there are no jury trials in civil cases in Porto Rico. A judgment by default is governed by the Porto Rican Code of Civil Procedure.

Same—Setting Aside Default.

2. Setting aside a default in the Federal court is governed by the Porto Rican Code of Civil Procedure.

Same—Amendment.

3. There having previously been no decision of this court upon the subject, the applicant is permitted to amend his motion to conform to the above principles.

Opinion filed June 2, 1914.

_Mr. H. H. Scoville_ for plaintiff.

_Mr. Frank Antonsanti_ for defendant and motion.

HAMILTON, Judge, delivered the following opinion:

This is a prompt application by the defendant to have set aside a default and judgment entered against it a few days previously. The showing made is by an unsworn motion stating that counsel mistook the date and that there is a good defense.

1. Matters connected with the trial of a case are in general controlled by Revised Statutes, § 914, Comp. Stat. 1913, § 1537, which provides that the practice of local courts shall be followed. There is an exception which has been made in this forum relating to a jury trial as such, inasmuch as there is no trial by jury in civil cases in Porto Rico. Otherwise, however, the general rule is followed. It is sometimes expressed that

Gonzalez v. Norwich Union Fire Ins. Society.

such conformity extends up to and including the judgment, but does not include either the means of enforcing the judgment or any proceedings as to appeal. 4 Fed. Stat. Anno. 576. A judgment by default will come within the principle, and in Porto Rico is governed by the Code of Civil Procedure.

2. The same principle applies to setting aside a default. Code of Civil Procedure, § 140, provides that this is in the discretion of the trial court in certain cases there named. These seem to conform to the general practice, which requires (1) a showing of some good excuse for the oversight, and (2) facts showing a good defense to the complaint, preferably by tendering an answer to be filed; all (3) to be by affidavit or otherwise under oath, and (4) allowed upon terms, usually paying the costs of suit up to date. Brown v. Philadelphia, W. & B. R. Co. 9 Fed. 183. There are several cases in the local supreme court which construe the local statute in this manner. Setting aside a default upon such a showing is a practice almost as old as common-law courts themselves. It has come down to American practice from the English.

3. The application in this case does not contain all the elements above set out, but, as there seems to be no opinion of this court reported on the subject, the court will in this instance (not to be a precedent) permit amendment of the application to conform with the above principles, and will reset the case to allow opportunity to make such amendment.

At that time the application will be granted or refused, as the facts may justify.

Application reset for June 4.