DOMENIC TESTARDO (also known as Domenic Lestardo) and SOPHIE TESTARDO (also known as Sophie Lestardo),

*vs.*

WILLIAM BRESSER, trading as Improve Your Home System.

*New Castle, March* 13, 1931.

*Leonard E. Wales,* for complainants.
*W. Thomas Knowles,* for defendant.

THE CHANCELLOR.  The bond with warrant of attorney on which the judgment was confessed was given to cover the purchase price of a heating plant which the defendant installed in the residence of the complainants.  There was a written contract between the parties dated December 3, 1928, by the terms of which the defendant contracted to "install complete heating system in above premises" in consideration of one thousand dollars, and on the same day the bond for one thousand dollars with warrant of attorney for confession of judgment was given by the complainants to the defendant.  On December 6, 1928, the defendant caused the judgment in question to be entered. A heating plant was installed in the residence of the complainants which the complainants insist is not adequate to heat some of the rooms satisfactorily and which the defendant insists is satisfactory for that purpose.  The complainants also charge that the plant lacks asbestos insulation around the pipes in the cellar, that a certain pipe should have been used instead of what was used and that the defendant ran one pipe in front of a cellar window so as to exclude the light therefrom.

The bill charges that the defendant induced the complainants to sign the contract and bond by fraud consisting in false representations.  The evidence fails to satisfy me that fraud induced the signing of the contract.  The most that can be said is that after the parties had talked over the matter of the installing of the plant, the agent of the defendant drew up the contract and bond in question and presented it to the complainants for signature.  The complainants claim to be unable to read the English language.  The complainant, Domenic Testardo, is a contractor and has had a great many business transactions.  The signing of notes is nothing new to him; he has signed hundreds of them. During the negotiations leading up to the signing of the contract and at the time it was signed the son of the complainants, who appears to be an intelligent person and whose knowledge of English, both written and spoken, is quite proficient, acted as interpreter for his parents.  Notwithstanding these circumstances, the complainants insist that they were deceived into signing the papers.  The evidence fails to support their charge that the defendant's agent practiced fraud as an inducement to the con-

tract. The mere preparation of the papers and presenting them to the complainants to sign does not constitute fraud. There were no false representations as to the contents of the papers.

The most the complainants can be heard to say is that they signed the papers not knowing what the contents were, that they were incapable of reading them, that they were neither read nor explained to them, and that, therefore, notwithstanding the presence of their son who could read and who had been acting as their interpreter, their act in signing could not be said to express assent to the contract. Whether, under the circumstances, a contention of this sort is sustainable, I do not feel called upon to say, for the reason, that even if the validity of the contention be accepted, the complainants have a way at law to set it up and avail themselves of whatever defensive merits it may possess. Such a contention amounts to this, that where judgment has been entered by confession on a bond and warrant which, though signed by the defendant, nevertheless was not his legal act because of the lack of assent, the judgment is for that reason alone open to attack in a court of equity, without any showing of other circumstances which fall under some head of equitable cognizance.

If the law in such a case afforded no remedy, there might possibly be some ground for the interposition of equity. The law, however, does afford a remedy in such a case. In this state, the Superior Court has entertained jurisdiction to open a judgment obtained by confession on warrant of attorney and let the defendant into a trial upon the issue of whether or not his signature to the bond and warrant on which the judgment was confessed in fact evidenced his binding act and assent. That is this case, when it is borne in mind that the allegations of fraud are not sustained. The case which holds as just stated is *Green v. Maloney*, 7 *Houst.* 22, 30 *A.* 672. The report of the case shows it to have come up on an issue framed, whether by the Court of Chancery or by the Superior Court itself does not appear. Reference to the records of the Superior Court in New Castle County, however, where the case arose, shows the issue to have been framed by that court on a petition supported by affidavit of the defendant in the judgment in which the facts were set out and

the prayer made that the judgment be opened and the defendant let into trial on the merits.

In this case, therefore, the complainants could have gone into the Superior Court where the judgment is recorded, and by filing a properly supported petition have secured a litigation of the question which is presented here. There being nothing in the way of a special equity to invoke the jurisdiction of this court, the bill should be dismissed because of the adequacy of a remedy at law. The fact that two terms of the Superior Court have elapsed since the judgment was entered does not seem to bar the complainants even now, from seeking their relief in that court. In *Green v. Maloney, supra,* the judgment was opened nearly three years after its entry. See also *Hendrix v. Kelley,* (4 *W. W. Harr.*) 143 *A.* 460, where other cases are cited to the effect that petitions to open judgments for defects not appearing on the record, either for the purpose of showing the invalidity of such judgments, or the amounts due thereon, may be entertained after the expiration of the term.

Decree dismissing the bill, costs on the complainants.