INDUSTRIAL TRUST COMPANY, a corporation of the State of Delaware, *v.* ANNA MILLER and REUBEN MILLER.

(*October* 31, 1933.)

LAYTON, C. J., RICHARDS and REINHARDT, J. J., sitting.

*William W. Knowles* for petitioner.

*John B. Jester* for respondents.

Superior Court for New Castle County, No. 854, May Term, 1932. Petition to vacate a judgment.

LAYTON, C. J., delivering the opinion of the Court:

The petition alleges that on June 17, 1932, Anna Miller and Reuben Miller made and executed their judgment bond, with warrant of attorney, in favor of Industrial Trust Company, in the sum of Thirty-eight Hundred Dollars.

Benjamin Miller, a brother of Reuben Miller, was witness to the signatures on the bond.

The judgment bond was entered in judgment in the Superior Court, in and for New Castle County, on June 17, 1932.

On March 18, 1933, the real estate of the defendants

was levied upon under a writ of *fieri facias,* and thereafter the Sheriff advertised for sale the said real estate under a writ of *Venditioni Exponas.*

On July 26, 1933, Benjamin Miller petitioned the Chancellor for the appointment of a Trustee for the said Reuben Miller alleging mental incompetency, and on the same day, the Chancellor appointed one Joseph Sollander Trustee without issuing a *writ De Lunatico Inquirendo.*

On July 28, 1933, the Trustee filed in this Court his petition to vacate the judgment, alleging that "Reuben Miller was mentally incapable of signing any bond or instrument in writing conditioned for the repayment of money."

Thereafter, the plaintiff in the judgment moved to dismiss the petition of the Trustee for the reason that the ground alleged by the petitioner was of "such nature that it belongs more appropriately to Chancery and is a proper case for said Court."

■ This Court declines to entertain applications to vacate judgments except in simple cases, the remedy in Chancery being deemed to be a better mode of investigation. *Plunkett v. Dillon,* 3 *Del. Ch.* 496.

■ Where the circumstances are such as to render the investigation in Chancery more convenient and effectual a law Court will not exercise its equitable powers. *Staats v. Herbert, et al.,* 4 *Del. Ch.* 508.

■ The general rule is that a contract of an insane person, who has not been judicially adjudicated, is not void, but voidable. 32 *C. J.* 730; 1 *Williston Contr., Par.* 251.

It is not necessary to decide the question whether the appointment of a Trustee for a supposed insane person without the issuance of a writ of *De Lunatico Inquirendo,* is an adjudication of insanity, as it appears in this case that the appointment of the Trustee for Reuben Miller was long after the execution of the bond.

■ The matter of the petition before the Court suggests an investigation of wide range, and it presents questions of fact and law peculiarly within the jurisdiction of the Court of Chancery.

We do not mean to say that this Court will, under no circumstances, set aside a judgment entered under a warrant of attorney authorizing confession of a supposed insane person. It may readily be supposed that a case may arise presenting facts so plain as not only to justify this court to open or vacate the judgment, but to impose upon it a duty to do so; but this is not such a case.

The Court, therefore, declines to vacate the judgment, leaving the petitioner to his appropriate remedy in the Court of Chancery.