LOLA C. SYZMANSKI, trading as L. S. Syzmanski & Sons Co., Incorporated, v. GRACE C. BUCHANAN, Trustee Ad Litem, MORRIS KREITZ, LAMON KREITZ, WARREN C. KREITZ and ALBERT KREITZ Co., Partners, trading and doing business as Morris Kreitz & Sons, GRACE C. BUCHANAN, Trustee Ad Litem, and ELMER C. TAYLOR, Sheriff, New Castle County.

*(December* 11, 1947.)

SPEAKMAN, J., sitting.

*Victor J. Colombo* for plaintiff.

*John P. Sinclair* (of Southerland, Berl and Potter) for defendants.

Superior Court for New Castle County, No. 124, March Term, 1947.

SPEAKMAN, J.:

At the hearing on the petition it was admitted by counsel for the defendants, solely for the purpose of this proceeding, that the plaintiff had a good cause of action prior to the entry of the judgment of non pros. It was established by the evidence that the entry of the judgment of non pros occurred or was brought about by the gross

negligence of her then counsel, and that she had no knowledge of the entry until a few days prior to the filing of her petition. From the evidence it appears that there was no lack of diligence on the part of the plaintiff in presenting her petition for relief.

The plaintiff contends that this Court has the jurisdiction to entertain her petition because the judgment of non pros entered in the case is in an interlocutory judgment, and she relies on *Yerkes v. Dangle,* 3 *Terry* (42 *Del.*) 362, 33 *A.* 2*d* 406. On the other hand, the defendant argues that the judgment of non pros is a final judgment for costs, and that under the common law rule, which should be applied in this case, this Court has no jurisdiction to vacate the judgment after the expiration of the term in which it was entered. For this they cite *Smulski v. Feinberg Fur. Co.,* 8 *W. W. Harr.* *(*38 *Del.)* 451, 193 *A.* 585. Because of this conflict in views it becomes necessary to determine whether a judgment of non pros in replevin is a final or interlocutory judgment.

A judgment of non pros in replevin for neglect to declare entitled the defendant, at common law, to costs, and he may have a writ of retorno habendo. *Wilkinson on Replevin,* 38; 1 *Tidd Pr.* 418; *Cooper v. Sherbrooke,* 2 *Wils.* 116, 95 *Eng. Reprint* 717. In this country, according to the weight of authority, where a plaintiff, who obtains property under a writ of replevin and thereafter submits to nonsuit, or discontinues or defaults, a judgment should be rendered awarding to the other party a return of the property, or its value. 18 *Enc. P. & P.* 608. The judgment for defendant under rule narr is "that he have a return of the goods and chattels aforesaid * * * and that the said D. do recover against the said P. the sum of ———— for his costs and charges * * *." Harris Ent. 358, Form 54. In this State Judge Woolley states that a judgment

in replevin "for want of a narr, like a judgment for want of an appearance, is an interlocutory judgment which may be made final in the same way and with the same effect as other judgments for want of proper pleading." *Woolley on Del. Pr.* 1044.

The defendants say that it seems definitely established in Delaware that a judgment of non pros in replevin is a final judgment. They rely on *McIlvaine's Adm'r v. Holland et al.,* 5 *Harr.* 226, and *Black v. Feinberg Fur. Co.,* 9 *W. W. Harr. (39 Del.)* 523, 3 *A. 2d* 62.

In the McIlvaine case, which was an action in replevin, there was a discontinuance by the plaintiff. Upon the defendant's application a rule was granted to show cause why an order should not be made in the nature of a writ of inquiry to ascertain the defendant's damages. The rule was opposed on the ground that the judgment of discontinuance was a final judgment for costs only. The Court referred to the fact that the plaintiff in replevin had given bond to prosecute his action, and said if he discontinued or is non-suited his bond is forfeited; and that the defendant has full remedy by action thereon. The Court held that upon discontinuance "the judgment is, under Act of Assembly, for the defendant for costs, and nothing more." The Act of Assembly referred to does not specifically appear in the report of the case, but I assume it is the Act concerning costs in civil suits, passed January 19, 1829, and published in the Code of 1829, at page 100. The pertinent language of the Act is included in Section 4902 of the Code of 1935, and is as follows:

"In a Court of law, whether of original jurisdiction, or of error, upon a discontinuance, non pros, nolle prosequi, retraxit, or non-suit, there shall be judgment for costs for the defendant; * * *."

In *Harmon v. Collins*, 2 *Pennewill* 36, 45 *A*. 541, 542, the plaintiff in a replevin action, having suffered a nonsuit, was sued on the replevin bond. In the case, authorities were cited to the effect that in an action upon a replevin bond no matter can be tried which could have been tried in the action of replevin, and that the value of the goods, the ownership of the property and all similar questions, are triable and determinable only in the replevin suit. Judge Spruance, speaking for the Court, said: "If we had no decision in our own state bearing upon the subject, our inclination would have been very strong to hold that, in an action upon a replevin bond, no question can be tried which could and ought to have been tried and determined in the replevin suit." The Court did not feel at liberty to disregard the authority of *McIlvaine v. Holland*, and followed the rule as therein declared.

In the Black case the suit was on a replevin bond given in a case before a Justice of the Peace. In the suit below judgment was entered in favor of the plaintiff. There was an appeal by the defendant to this Court, and here a judgment of non pros was entered for want of a declaration. This Court followed the McIlvaine and Harmon cases, and held the judgment of nonpros entered against the defendant in this Court for its failure to file a declaration, was a judgment for costs only.

The opinion in the McIlvaine case was by our former Court of Errors and Appeals, at that time our highest appellate Court. The opinion was based squarely on the language of the Act of 1829, section 4902, Code of 1935, that "upon a discontinuance, non pros, * * * or non-suit, there shall be judgment for costs for the defendant." The Court said that under the Act the judgment is for costs, and nothing more. This language is controlling on the application before me. The application to strike

off the judgment of non pros and to permit the filing of a declaration based on the ground that the judgment is interlocutory, must be denied. Final judgment in the case was entered at the March Term, 1947, of this Court. The present application was made at the following September Term, which was the second term after the entry of the judgment. Based upon the reasons assigned, the application came too late.

An order in accordance with this opinion will be signed.